1 MCGUIREWOODS LLP
SIDNEY K. KANAZAWA (SBN 84608)
2 LESLIE M. WERLIN (SBN 67994)
1800 Century Park East, 8th Floor
3 Los Angeles, California 90067
Telephone: (310) 315-8200
4 Facsimile: (310) 315-8210
lmwerlin@mcguirewoods.com
5
Attorneys for Defendants
6 General Nutrition Corporation and General Nutrition Centers, Inc.

7

8

9 UNITED STATES DISTRICT COURT

10 NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

11

12 GRADY JACKSON, in his representative     CASE NO. **C08-05584**
capacity pursuant to Cal. Bus. & Prof. Code
13 §§17203, 17535 and Cal. Code Civ Pro. §§     **NOTICE OF REMOVAL TO THE**
382, 1021.5,                                  **UNITED STATES DISTRICT COURT**
14                                             **FOR THE NORTHERN DISTRICT OF**
            Plaintiffs,                        **CALIFORNIA PURSUANT TO 28 U.S.C.**
15                                             **§§ 1332(d) AND 1441**
       vs.
16                                             **(Removed from Superior Court, Alameda**
   BALANCED HEALTH PRODUCTS, INC., a          **County, Case No. RG08419592)**
17 Delaware Corporation; NIKKI HASKELL, an
   individual; GENERAL NUTRITION
18 CORPORATION, a Pennsylvania
   Corporation; GENERAL NUTRITION
19 CENTERS, INC. a Pennsylvania Corporation;
   GREAT EARTH COMPANIES INC., a
20 Delaware Corporation; VITAMIN SHOPPE
   INDUSTRIES, INC., a New York
21 Corporation; and DOES 1-50, inclusive,

22
            Defendants.
23

24
   TO THE CLERK OF THE COURT:
25
       PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(d), 1441 and 1446,
26
   defendants General Nutrition Corporation and General Nutrition Centers, Inc. (collectively,
27
   "GNC") by and through their undersigned counsel, remove the above-captioned action currently
28

6828591.3

NOTICE OF REMOVAL

1   pending in the Superior Court of the State of California, County of Alameda, to the United States

2   District Court for the Northern District of California.  In support of this Notice of Removal, GNC

3   states as follows:

4       1.      On or around November 10, 2008, Plaintiff filed a summons and complaint in the

5   Superior Court of the State of California, County of Alameda, entitled <u>Grady Jackson, in his</u>

6   <u>representative capacity pursuant to Cal. Bus. & Prof. Code §§ 17203, 17535 and Cal. Code Civ.</u>

7   <u>Pro. §§ 382, 1021.5 v. Balanced Health Products, Inc., a Delaware Corporation; Nikki Haskell, an</u>

8   <u>individual; General Nutrition Corporation, a Pennsylvania Corporation; General Nutrition Centers,</u>

9   <u>Inc., a Pennsylvania Corporation; Great Earth Companies Inc., a Delaware Corporation; Vitamin</u>

10  <u>Shoppe Industries, Inc., a New York Corporation; and Does 1-50, inclusive,</u> Case No.

11  RG08419592.  The papers filed in this state court lawsuit are attached hereto as <u>Exhibit A.</u>

12                                          **JURISDICTION**

13      2.      The basis for removal to federal court is diversity jurisdiction pursuant to 28 U.S.C.

14  § 1332(d) under the Class Action Fairness Act ("CAFA") because the matter in controversy (1)

15  exceeds the sum or value of $5,000,000, exclusive of interest and costs, and (2) is a class action in

16  which a member of the class of plaintiffs, specifically, the named plaintiff, is a citizen of a State

17  different from any defendant.  Under CAFA, the consent of all defendants to removal is not

18  required.  28 U.S.C. §1453(b).

19      3.      28 U.S.C. § 1441 provides that any civil action brought in a State court of which

20  the district courts of the United States have original jurisdiction may be removed by the defendant

21  or defendants to the district court of the United States for the district and division embracing the

22  place where such action is pending.  This Court has original jurisdiction over Plaintiff's claims on

23  the ground that they involve citizens of different states and the amount in controversy requirement

24  is met.

25      4.      GNC was served with the Complaint in this action on November 13, 2008.  This

26  Notice of Removal is being filed within 30 days of the service date and, therefore, removal is

27  timely under 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6.

28      5.      In accordance with 28 U.S.C. § 1446(d), GNC will give prompt written notice of

6828591.3

2

this Notice of Removal to all adverse parties and the Clerk of the Superior Court for the County of Alameda, California.  <u>See</u> Notice to State Court of Filing of Notice of Removal and Notice to Plaintiff of Filing of Notice of Removal, collectively attached hereto as <u>Exhibit B</u> (without exhibits).

## <u>INTRADISTRICT ASSIGNMENT</u>

6.      As required by 28 U.S.C. § 1441, GNC seeks to remove this case to the United States District Court for the Northern District of California, which is the District Court embracing the place where the state court lawsuit has been filed.

7.      As required by Civil L.R. 3-2(c), GNC seeks to remove this case to the Oakland Division because this is the Division embracing the County of Alameda, where the state court lawsuit was filed.

## <u>DIVERSITY OF CITIZENSHIP</u>

8.      Plaintiff is a resident of the State of Georgia.  (Compl. ¶ 6.)  Defendant Nikki Haskell is a resident of New York.  (Compl. ¶ 8.)  Defendant General Nutrition Corporation is a Pennsylvania corporation with its principal place of business in Pittsburgh, Pennsylvania.  (Compl. ¶ 9.)  Defendant General Nutrition Centers, Inc. is a Pennsylvania corporation with its principal place of business in Pittsburgh, Pennsylvania.  (Compl. ¶ 9.)  Defendant Balanced Health Products, Inc. is a Delaware corporation with its principal place of business in New York. (Compl. ¶ 7.)  Defendant Great Earth Companies, Inc. is a Delaware corporation with its principal place of business in New York.  (Compl. ¶ 10.)  Defendant Vitamin Shoppe Industries, Inc. is a New York corporation with its principal place of business in New Jersey.  (Compl. ¶ 11.)  The Complaint alleges that Plaintiff is a Georgia resident and Defendant General Nutrition Corporation is alleged to be and is a Pennsylvania corporation with its principal place of business in Pittsburgh, Pennsylvania.  (Compl. ¶¶ 6, 9.)  Therefore, the requirement of 28 U.S.C. § 1332(d)(2)(A) has been met.

9.      Defendants "Does 1-50" are fictitious Defendants whose citizenship is disregarded for purposes of removal.  <u>See</u> 28 U.S.C. § 1441(a).

10.      Venue lies in this Court because Plaintiff's action is pending in this district and

3
NOTICE OF REMOVAL

1 | division.  See 28 U.S.C. § 1441(a).

2 | **AMOUNT IN CONTROVERSY**

3 | **A.    Allegations of the Complaint**

4 |       11.    Plaintiff brings this consumer class action under Cal. Civ. Proc. Code § 382 and

5 | asserts claims for violation of California's Unfair Competition Law and False Advertising Law

6 | (Cal. Bus. & Prof. Code §§ 17200 et seq. and 17500 et seq.), for unjust enrichment, breach of

7 | warranty, strict liability, and for violation of the California Health & Safety Code regarding a

8 | product described as Nikki Haskell's Star Caps ("the Product") made, created, manufactured,

9 | produced, distributed and advertised by defendants Nikki Haskell and Balanced Health Products,

10 | Inc. (Complt. ¶1.)

11 |       12.    Plaintiff does not seek a specific amount of damages in his Complaint.  However, a

12 | defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead a

13 | specific dollar amount in controversy.  Where, as here, a plaintiff alleges no specific amount of

14 | damages, the Court may look beyond the complaint to determine whether the amount in

15 | controversy is met.  *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 690 (9th Cir. 2006).

16 |       13.    Plaintiff purports to bring this action on behalf of (1) all natural persons in the

17 | United States who purchased the dietary supplement from any of the defendants within the last

18 | four years and who have not previously filed any litigation based on their purchases and (2) all

19 | natural persons in the United States who purchased and ingested the dietary supplement within the

20 | last four years (the "Proposed Class").  (Compl. ¶ 17.)  According to Plaintiff, there are two

21 | classes each of which consists of thousands of individuals.  (Compl. ¶ 20.)

22 |       14.    On behalf of these thousands of individuals, Plaintiff seeks damages for (1)

23 | restitution of all monetary amounts paid and obtained by Defendants from the persons of the

24 | general public and members of the Proposed Class, directly or indirectly through all of

25 | Defendants' distribution channels, as a result of such persons' purchase of the dietary supplement;

26 | (2) disgorgement to each member of the general public or to all members of the Proposed Class of

27 | all profits made by Defendants from the sale of the dietary supplement; (3) rescission of all

28 | purchase and sale transactions with each member of the general public and the Proposed Class; (4)

6828591.3

1  a mandatory injunction compelling Defendants to take all reasonable, necessary and appropriate
2  actions to identify, locate and warn all purchasers of the dietary supplement that measures should
3  be taken to mitigate digestion of the supplement; (5) a mandatory injunction compelling
4  Defendants to notify all members of the general public and the Proposed Class of the inherent
5  threat of Bumetanide; (6) attorneys' fees and costs of suit pursuant to Cal. Civ. Proc. Code
6  § 1021.5 or from the amount recovered for the common benefit of the class; (7) statutory costs of
7  suit; and (8) such other and further relief as the Court may deem proper.  (Compl. at PRAYER
8  FOR RELIEF following ¶ 55.)

9     15.    GNC asks the Court to take judicial notice that the Food and Drug Administration
10 ("the FDA") has issued recalls of the Products on November 12, 2008 and December 8, 2008 ("the
11 Recalls").  Copies of the Recalls as retrieved from the FDA's website are attached hereto as
12 Exhibits "C" and "D".  The Recalls are for 28,739 + 28,530 + over 10,000 = a total of 67,269
13 bottles of the product for which consumers pay approximately $100.00 per bottle.  Thus, using
14 these numbers, the amount in controversy is 67,269 x 100 = $6,726,900.

15    16.    In addition, Plaintiff's demand for statutory attorneys' fees must be considered in
16 determining the amount in controversy where allowed by law.  *See Lowdermilk v. U.S. Bank*
17 *Assn.*, 479 F.3d 994, 1000 (9th Cir. 2007).  *Tompkins v. Basic Research,* 2008 WL 1808316, 4
18 (E.D. Cal. 2008) (in calculating CAFA amount, court estimates fees at 25% of the common fund
19 amount).  This adds an additional $1,681,725.00 to the amount in controversy using the numbers
20 set forth above which come from the complaint, and facts of which the Court may take judicial
21 notice, for a total amount in controversy of approximately $8.4 million.

22    17.    In addition, even using a different method to calculate the amount in controversy,
23 the jurisdictional amount is reached.  As noted, Plaintiffs allege the existence of two classes of
24 Plaintiffs each made up of thousands of individuals. (Complt. ¶19-20.)  Thus, total of both classes
25 is at least 4,000 members who spent approximately $100 per bottle.  On the assumption that each
26 class member bought only a single bottle, and Plaintiff alleges he bought two (Complt. ¶5), this
27 puts the amount in controversy at a minimum of $4,000,000 plus $1,000,000 in statutorily based
28 fees.

18.     In addition, Plaintiff seeks to have Defendants identify, locate and warn all
purchasers that purported measures should be taken to mitigate digestion of the supplement, and
notify all members of the general public of the alleged threat of Bumetanide.  If there are at least
4,000 class members, notice by first class mail (postage alone) would be an additional $4000 x
.42) = $1,680.  The cost to Defendants of complying with the injunctive relief sought by Plaintiff
may be included in the amount in controversy. *Simmons v. PCR Technology*, 209 F.Supp.2d 1029,
1034 (N.D. Cal. 2002).  GNC requests leave to take discovery targeted to the jurisdictional amount
if the Court believes the amount is not established as set forth herein.

19.     Defendants General Nutrition Corporation and General Nutrition Centers, Inc.
answered the complaint in the state court action, and a copy is attached hereto as Exhibit "E".

WHEREFORE, Defendants General Nutrition Corporation and General Nutrition Centers,
Inc. respectfully request that the above-captioned action now pending in the Superior Court of the
State of California, County of Alameda, be removed to the United States District Court for the
Northern District of California, Oakland District, and that this District Court assume jurisdiction
of this action and enter such other and further orders as may be necessary to accomplish the
requested removal and promote the ends of justice.

MCGUIREWOODS LLP

By: _____
          Leslie M. Werlin
          Attorneys for Defendants General Nutrition
          Corporation and General Nutrition Centers, Inc.

1

### DECLARATION OF LESLIE M. WERLIN

2    I, Leslie M. Werlin, declare:

3    1.    I am a partner in the firm of McGuireWoods LLP, counsel for General Nutrition

4 Corporation and General Nutrition Centers, Inc. I have been a member of the State Bar of

5 California since December, 1975 and I am a member of the Bar of this Court.

6    2.    Attached as Exhibits "C" and "D" to this notice of removal are copies of pages I

7 retrieved from the website of the United States Food and Drug Administration.

8    I declare under penalty of perjury of the laws of the United States of America that the

9 foregoing is true and correct: December 12, 2008.

10

11

12    _____

13    Leslie M. Werlin

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

*8167952*

**FILED**
**ALAMEDA COUNTY**

NOV 1 0 2008

CLERK OF THE SUPERIOR COURT
By _____

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Eric J. Farber (State Bar # 169472)
Pinnacle Law Group, LLP
425 California Street, Suite 1800, San Francisco, CA 94104
TELEPHONE NO.: (415) 951-6200       FAX NO.: (415) 394-5003
ATTORNEY FOR (Name): GRADY JACKSON, in his representative capacity, Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA  94612-4280
BRANCH NAME: Unlimited Civil

CASE NAME:
Jackson v. Balanced Health Products, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: RG 08419595 |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[X] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): SIX (6)
5. This case [X] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 6, 2008
Eric J. Farber
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*


EXHIBIT A


EXHIBIT A  PAGE 8

# SUMMONS
## (CITACION JUDICIAL)


*6167956*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BALANCED HEATH PRODUCTS, INC., a Delaware Corporation; NIKKI HASKELL, an individual;
GENERAL NUTRITION CORPORATION, a Pennsylvania Corporation; GENERAL NUTRITION
CENTERS, INC., a Pennsylvania Corporation; GREAT EARTH COMPANIES INC., a Delaware
Corporation; VITAMIN SHOPPE INDUSTRIES, Inc., a New York Corporation; and DOES 1–50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GRADY JACKSON, in his representative capacity pursuant to Cal. Bus.
& Prof. Code §§17203, 17535 and Cal. Code Civ Pro. §§ 382, 1021.5

FILED
ALAMEDA COUNTY
NOV 10 2008
CLERK OF THE SUPERIOR COURT
By _____

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you.  Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
   *Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

RG 08419592

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
Unlimited Civil District
1225 Fallon Street, Oakland, CA  , CA 94612-4280

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Eric J. Farber (Bar # 169472)                      Phone No.: (415) 951-6200
Pinnacle Law Group, LLP                            Fax No.: (415) 394-5003
425 California Street, Suite 1800, San Francisco, CA 94104

DATE: NOV 10 2008          Clerk, by _Dasha Perry_ , Deputy
*(Fecha)*                 *(Secretario)*                        *(Adjunto)*
                          Pat S. Sweeten

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

*LexisNexis® Automated California Judicial Council Forms*

EXHIBIT A PAGE 9

1  Eric J. Farber (SBN 169472)
   Andrew A. August (SBN 112851)
2  John L. Fitzgerald (SBN 126613)
   PINNACLE LAW GROUP LLP
3  425 California Street, Suite 1800
   San Francisco, California 94104
4  Telephone: (415) 394-5700
   Facsimile: (415) 394-5003
5  Email: aaugust@pinnaclelawgroup.com

ENDORSED
FILED
ALAMEDA COUNTY

NOV 1 0 2008

CLERK OF THE SUPERIOR COURT
By Tasha Perry, Deputy

6

7  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8  **CITY AND COUNTY OF ALAMEDA**

9  **UNLIMITED CIVIL CASE**

10  GRADY JACKSON, in his representative
    capacity pursuant to Cal. Bus. & Prof. Code
11  §§17203, 17535 and Cal. Code Civ Pro. §§
    382, 1021.5,
12                          Plaintiffs
13              v.

CASE NO. 413080 *RG 08 41959 2*

*Unlimited Civil Case*

**REPRESENTATIVE ACTION AND
CLASS ACTION**

**COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF**

14  BALANCED HEATH PRODUCTS, INC., a
    Delaware Corporation; NIKKI HASKELL, an
15  individual; GENERAL NUTRITION
    CORPORATION, a Pennsylvania Corporation,
16  GENERAL NUTRITION CENTERS, INC., a
    Pennsylvania Corporation; GREAT EARTH
17  COMPANIES INC., a Delaware Corporation;
    VITAMIN SHOPPE INDUSTRIES, Inc., a
18  New York Corporation; and DOES 1–50,
    inclusive,
19                          Defendants.

BY FAX

20      Plaintiff, Grady Jackson, individually and on behalf of others similarly situated, brings

21  this action against Defendants and each of them as follows:

22

23              **I.      SUMMARY OF COMPLAINT**

24      1.      This class action seeks to stop the sale of "Nikki Haskell's Star Caps" dietary

25  supplement to the general public. StarCaps, alleged to be an "all natural dietary supplement"

26  actually contains Bumetanide, a drug only available in the United States by prescription

27  (hereinafter the term "StarCaps" shall refer only to the product as containing Bumetanide).

28  Defendant Nikki Haskell ("Haskell"), through her company Defendant Balanced Health Products,

5008.001/00069407                           1                              COMPLAINT

1    Inc. ("BHP") created, manufactured, produced, advertised and distributed through co-Defendants,

2    General Nutrition Corporation ("GNC1"); General Nutrition Centers, Inc. ("GNC2") Great Earth

3    Companies, Inc. ("Great Earth") and Vitamin Shoppe Industries, Inc. ("Vitamin Shoppe") "Nikki

4    Haskell's StarCaps" (hereinafter referred to as "The Product" or "StarCaps"). Sold as a "Diet

5    System" and "Dietary Supplement" that is an "all natural dietary supplement" which "is a rare

6    blend of papaya and garlic containing a unique combination of natural plant ingredients. "

7    which, according to literature attached to the bottles states that 'millions of people have found…

8    to be the solution to their weight loss problems'. StarCaps boasts that the 'all natural dietary

9    supplement detoxes your system by metabolizing protein and eliminating bloat. It's safe, fast and

10   effective. .. Lose between 10 and 125 pounds and keep it off!" StarCaps claims its effects come

11   from papaya and garlic act which they claim act as diuretics which causes the user to lose weight.

12   However, StarCaps actually contains Bumetanide, a powerful loop diuretic and available only by

13   prescription. StarCaps has been widely marketed, distributed and sold throughout the United

14   States in various retail stores, including the retail and online retail versions of Defendants GNC,

15   Vitamin Shoppe and Great Earth. It has been available for more than twenty years. StarCaps

16   label fails to identify and fails to warn that it contains near therapeutic levels of Bumetanide.

17   Upon information and belief, co-defendants GNC, Vitamin Shoppe and Great Earth have

18   participated in joint advertising of StarCaps to consumers throughout the United States.

19   Purchasers of StarCaps spent approximately $100.00 per bottle.

20          2.      Defendants' efforts to promote and sell the product have worked phenomenally

21   well. StarCaps has been on the market for approximately twenty-five years as one of the top

22   selling dietary supplements and claims millions of bottles sold. Nikki Haskell has garnered

23   celebrity endorsements and promoted the product to where it has gained legendary status as a diet

24   pill. Haskell even got an award for her billboards along the famous Sunset Strip in Los Angeles

25   for the promotions of StarCaps, which have been a staple of the Sunset Strip since 1991 which

26   picture Haskell atop "StarCaps" using fonts made to resemble the famous Hollywood sign.

27          3.      The purpose of this action is to put a stop to the sale of StarCaps and the false

28   statements and mislabeling that persuaded customers to pay approximately one hundred dollars

EXHIBIT A , PAGE 11

1    per bottle for StarCaps; to provide warnings to people who still have StarCaps or could come into

2    contact with StarCaps regarding the serious health problems that could occur from the use of

3    StarCaps such as profound water loss, electrolyte depletion, dehydration, reduction in blood

4    volume, circulatory collapse, vascular thrombosis, embolism and hypokalemia that can occur

5    when StarCaps is taken as directed, to recall any product that is in the marketplace and to provide

6    restitution to the Plaintiff and the class.  Although, BHP has made the statement that they are no

7    longer shipping StarCaps, upon information and belief the GNC1, GNC2, Vitamin Shoppe and

8    Great Earth among other retailers throughout the nation continue to sell The Product and upon

9    information and belief, unused StarCaps remains in the marketplace.

10         4.      This action is a consumer class and representative action brought under

11    California's Unfair Competition Law and False Advertising Law (respectively, Cal. Bus. & Prof.

12    Code §§17200 *et seq.* and §§17500 *et. seq.*, sometimes hereinafter collectively referred to as the

13    "UCL"), and under Cal. Code of Civil Procedure §382.  The Complaint also alleges violation of

14    California's Sherman Food, Drug and Cosmetic Act, California Health and Safety Code §§

15    108975-111915 ("Sherman Act"), negligence, breach of the warranty of fitness for intended use

16    and strict liability.  Every bottle of The Product is "misbranded" under the Sherman Act.  The

17    action is brought on behalf of those persons throughout the United States who purchased

18    StarCaps the diet pill "Nikki Haskell's StarCaps" ("StarCaps") manufactured, marketed,

19    promoted, advertised, distributed and/or sold by Defendants.

20         5.      Plaintiff Jackson is a professional football player who purchased StarCaps because

21    it claimed to be an all natural dietary supplement to be able to lose weight in preparation for the

22    upcoming football season.  In March of 2008 Mr. Jackson bought his first bottle of The Product at

23    the General Nutrition Center store in Alameda, California.  He purchase a second bottle in

24    approximately June of 2008 at a Vitamin Shoppe in Atlanta, Georgia.  Later in the summer,

25    Jackson tested positive in a banned substance test for the National Football League and was

26    suspended for four games.  The substance detected was Bumenatide.  Jackson is appealing the

27    ruling with the National Football League.

28

EXHIBIT A, PAGE 12

## II.   PARTIES

6.      Plaintiff Grady Jackson is an individual over the age of 18 and is a resident of Georgia.  Jackson brings this action solely in his representative capacity, pursuant to Cal. Bus. & Prof. Code §§17203 and 17535 and Cal. Code Civ. Pro. §1021.5, on behalf of all purchasers in the United States of StarCaps.

7.      Plaintiff is informed and believes and thereon alleges that Defendant Balanced Health Products ("BHP"), is a Delaware corporation doing business in California with its principal place of business in New York, New York.  BHP is the producer, manufactured and distributor of "Nikki Haskell's StarCaps."  BHP was formerly registered to do business in California and although it does business in California it is not properly registered to do so.

8.      Plaintiff is informed and believes and thereon alleges, Defendant Haskell is a resident of New York.  Upon information and belief, Haskell is the sole owner of BHP and operates BHP solely to her own benefit and is the alter ego of BHP.

9.      Plaintiff is informed and believes and thereon alleges that Defendant GNC1 and GNC2 are the owners, operators and franchisors of the General Nutrition Stores, which include stores in this judicial district.  Upon information and belief, GNC1 & GNC2 are Pennsylvania Corporations.  GNC1 is registered to do business in California.  GNC1 and GNC2 have a principal place of business at 300 Sixth Avenue, Pittsburgh, Pennsylvania 15222.

10.     Plaintiff is informed and believes and thereon alleges that Defendant Great Earth is a Delaware Corporation and is the owner and operator of the Great Earth Vitamin Stores that does business in California.  Upon information and belief, although Great Earth does business in California, it has forfeited its registration to do business so.  Great Earth's principal place of business is 200 Adams Boulevard, Farmingdale, New York, 11735.

11      Plaintiff is informed and believes and thereon alleges that Defendant The Vitamin Shoppe Industries, Inc. is a New York corporation with its principal place of business at 2101 91st Street, North Bergen, New Jersey 07047.  The Vitamin Shoppe Industries, Inc. does business as The Vitamin Shoppe and has retail stores throughout California, the United States and on the

EXHIBIT A  PAGE 13

1 | internet. The Vitamin Shoppe Industries, Inc. is registered to do business in the State of
2 | California as a foreign corporation. Hereinafter, defendants GNC, Great Earth and Vitamin
3 | Shoppe are collectively referred to as the "Retail Defendants".

4 |       12.      Plaintiff is ignorant of the true names and capacities of defendants sued herein as
5 | Does 1-50 (collectively, "Doe Defendants"), and therefore sues these Doe Defendants by such
6 | fictitious names. Plaintiff will amend this Complaint to state their true names and capacities
7 | when ascertained. Plaintiff are informed and believes and thereon allege that each of the
8 | fictitiously named Defendants, including, but not limited to, all those persons and entities in
9 | Defendants' chain of distribution (i.e., distributors, wholesalers and retailers), has engaged and is
10 | now engaged in the identical or substantially similar wrongful conduct alleged herein and is,
11 | therefore, legally responsible for the occurrences alleged herein or such Doe Defendants are
12 | strictly liable for the actions of co-Defendants. Hereinafter the term "Defendants" shall include
13 | all named Defendants, including all fictitiously named Defendants herein.

14 |       13.      Plaintiff is informed and believe and thereon alleges that at all times herein
15 | mentioned, each of the Defendants, including the fictitiously named Defendants, was the
16 | predecessor, successor in interest, agent or employee of the remaining Defendants and was, in
17 | doing the things complained of herein, acting within the scope of his, her or its agency and/or
18 | employment, and with the permission and consent of each of the co-Defendants, and the actions
19 | herein alleged were ratified by each principal, employer and master.

20 |       14.      Plaintiff is informed and believes and thereon alleges that at all times mentioned
21 | herein, the Defendants, and each of them, engaged in certain activities incident to the production,
22 | marketing, advertising, promoting and selling of StarCaps to the general public. Such activities
23 | included, without limitation, packaging, developing and distributing products and related product
24 | owner manuals and print, point of purchase, radio, television, internet advertising and marketing
25 | campaigns for StarCaps (all of which are sometimes hereinafter collectively referred to as the
26 | "Advertising Activities").

27 |
28 |

EXHIBIT A, PAGE 14

### III. VENUE

15.    Venue is proper in this Court pursuant to California Code of Civil Procedure section 395(b) and Civil Code section 1780, in that this action arises from an offer or provision of goods intended primarily for personal use and Plaintiff purchased the goods at issue in the County of Alameda.

16.    At all relevant times, Defendants marketed and sold their products to purchasers in California, including but not limited to in the County of Alameda. Since its inception to the present Defendants have all done business in California through retail stores and through the internet.

### IV.    CLASS ALLEGATIONS

17.    This action is brought by Plaintiff pursuant to California Code of Civil Procedure Section 382 on behalf of the following proposed classes ("Proposed Classes"):

     a.    All natural persons in the United States who, within the last four years, purchased StarCaps from any of the Retail Defendants and who have not previously filed any litigation based on their purchase(s) to recover the cost of such purchase;

     b.    All natural persons in the United States who, within the last four years, purchased and ingested StarCaps.

18.    Plaintiffs and the Proposed Classes seek certification of claims against Defendants for injunctive relief pursuant to the section 17204 of the UCL.

19.    This action is brought as a class action and may properly be so maintained pursuant to the provisions of California Code of Civil Procedure section 382. Plaintiffs reserve the right to modify each Proposed Class definition and the class period pursuant to discovery that is conducted hereafter.

20.    **Numerosity of the Proposed Class Members:** Plaintiffs are informed and believe and thereon allege that each Proposed Class is made up of thousands of individuals, sufficiently

EXHIBIT A, PAGE 15

1 numerous that their individual joinder is impractical. The precise identities, numbers and
2 addresses of members of each Proposed Class is unknown to the Plaintiff at this time, but may
3 and should be known with proper and full discovery of Defendants, third parties, and their
4 respective records.

5     21. **Existence of Common Questions of Fact and Law.** There is a well-defined
6 commonality and community of interest in the questions of fact and law involved affecting the
7 members of each Proposed Class. The common questions of law and fact as to each Proposed
8 Class include, but are not limited to:

9     a) whether Defendants violated Business and Professions Code section
10 17200, *et seq.* and section 17500, *et seq.* by virtue of their production, distribution, marketing,
11 advertising and sale of StarCaps which was falsely labeled and contained Bumetanide;

12     b) whether Bumetanide was present in StarCaps and if so when Bumetanide
13 first became present in StarCaps;

14     c) whether Defendants knew or should have known that Bumetanide was
15 present in StarCaps;

16     d) whether Defendants were negligent in the placement of Bumetanide in
17 StarCaps;

18     e) whether Defendants BHP and Haskell violated the California Sherman Act
19 by the presence of Bumetanide in StarCaps;

20     f) whether all Defendants should be held strictly liable for damages caused by
21 the sale of StarCaps with Bumetanide;

22     g) whether Defendants should be enjoined from any further sale of StarCaps
23 to the general public;

24     h) whether the Defendants were unjustly enriched by the sale of StarCaps
25 with Bumetanide; and,

26     i) Whether Plaintiff and the class are entitled to restitution of the funds
27 expended to purchase StarCaps with Bumetanide.

28

5008.001/00069407      7      COMPLAINT

EXHIBIT A, PAGE 16

22.     **Typicality**:  Plaintiff's claims are typical of the claims of the members of each Proposed Class because 1) Plaintiffs satisfy each of the criteria of each Proposed Class; 2) all other members of each Proposed Class have suffered or will suffer the identical harm as each Proposed Class' plaintiff representative as a result of Defendants' violations of law as alleged herein; 3) the sole remedy sought by Plaintiffs, injunctive relief, is also sought by each of the other members of each Proposed Class and is directed towards Defendants' conduct perpetrated on each Proposed Class as a whole.

23.     **Adequacy**:  Plaintiff is an adequate representative of each Proposed Class because his interests do not conflict with the interests of the members of each Proposed Class they seek to represent.  Plaintiff has retained competent counsel for this class action and Plaintiff and his counsel intend to prosecute this action vigorously.  Plaintiff and his counsel will fairly and adequately protect the interests of the members of each Proposed Class.

24.     **Predominance and Superiority**.  This suit may also be maintained as a class action under Code of Civil Procedure section 382 because questions of fact and law common to each Proposed Class predominate over the questions affecting only individual members of the classes and a class action is superior to other available means for the fair and efficient adjudication of this dispute.  The injury suffered by each individual class member may be disproportionate to the burden and expense of individual prosecution of complex and extensive litigation to proscribe Defendants' conduct and practices.  Additionally, effective redress for each and every class member against Defendants may be limited or even impossible where serial, duplicitous, or concurrent litigation occurs on these disputes.  Even if individual class members could afford or justify the prosecution of their separate claims, the court system may not be up to the task.  Individualized litigation may lead to incongruous and conflicting judgments against Defendants.  To the contrary, a class action procedure involving all class members, Defendants and the court present fewer management difficulties, and provide the benefit of a single adjudication, economy of scale, and judicial efficiency and fairness.

EXHIBIT A, PAGE 17

# V.    GENERAL ALLEGATIONS

25.    Approximately twenty-five years ago, Nikki Haskell developed StarCaps Dietary Supplement.  She touted StarCaps as "all natural" over the counter diet pill that contained garlic and papaya extract as its main active ingredients.  In reality, StarCaps contains Bumetanide, a powerful loop diuretic that is available by prescription only and is considered a banned substance in the National Football League.  Bumetanide is used for the treatment of edema associated with congestive heart failure, hepatic and renal disease.  The November/ December 2007 issue of The Journal of Analytical Toxicology published the article *Detection of Bumetanide in an Over-the-Counter Supplement,* in which a study at the Center for Human Toxicology at the University of Utah purchased bottles of StarCaps and tested the pills through a high performance liquid chromatography and revealed that all specimens contained equal amounts of Bumetanide at near therapeutic doses. The article further suggests that the uniformity of the doses suggests the placement of Bumetanide was intentional.

26.    Plaintiff is informed and believes and thereon alleges that Defendants and each of them were aware that StarCaps contained Bumetanide and that they directed the placement of Bumetanide into the manufacture of StarCaps.

27.    Plaintiff is informed and believes and thereon allege that despite Defendants' extensive knowledge of the problem, Defendants, and each of them, continued to engage in the manufacture, advertisement, distribution and retail sales of StarCaps to the general public. Defendants knowingly and intentionally withheld this information from the general public in order to sell StarCaps under the guise that it is an "all natural dietary supplement".

28.    Plaintiff is informed and believe and thereon allege that Defendants, and each of them, made a conscious, economically driven decision to use Bumetanide in StarCaps and conceal from the public both the inclusion of Bumetanide and its dangerous side effects.

29.    Despite Defendants' knowledge of the contamination it was not until three National Football League players, Plaintiff Grady Jackson being one of them, tested positive for a banned substance and another player filed suit for his suspension that StarCaps discontinued the shipping of The Product. As of October 30, 2008 the StarCaps.com, the office site of the

EXHIBIT A  PAGE 18

1    Defendant Balanced Health Products, Inc. issued the following statement:

2                                **PRESS RELEASE**

3              **We've received notice of a problem with an NFL player.**

4        **We have referred the matter to our counsel and are taking all necessary steps to**

5              **ensure that our customers receive product that is safe and effective. We have**

6        **temporarily suspended shipping of StarCaps pending the results of our investigation.**

7                                **Thank You.**

8            30.    Plaintiff is informed and believes that despite the "Press Release" that StarCaps

9    was still available for purchase through General Nutrition Centers, The Vitamin Shoppe and

10   Great Earth retail stores and their internet sites.  BHP has not issued a recall of StarCaps.

11           31.    Plaintiff, Grady Jackson is a professional football player with the Atlanta Falcons

12   Football Club.  In March of 2008, Jackson purchased his first bottle of StarCaps at a General

13   Nutrition Center store in Alameda, California.  In June of 2008 he purchased his second bottle at

14   a Vitamin Shoppe in Atlanta, Georgia.  Mr. Jackson purchased StarCaps because the bottles

15   contained information that StarCaps is an "all natural dietary supplement" containing active

16   ingredients of papaya extract and garlic, which the bottles claim are natural diuretics.  Thereafter,

17   during random drug testing, Jackson was suspended for testing positive for Bumetamide, a

18   banned substance under the National Football League substance program.  Jackson's suspension

19   of four games is currently being appealed with the National Football League.

20           32.    StarCaps is sold in individual bottles that come with a pamphlet entitled "Nikki

21   Haskell's StarCaps Booklet".  The pamphlet is attached to the bottle by a gold elastic ribbon.  The

22   booklet and the bottle are wrapped together in plastic.  The booklet contains numerous

23   representations including the following:  "This all-natural dietary supplement detoxes your

24   system by metabolizing protein and eliminating bloat.  It's safe, fast and effective, and its

25   contains no ephedra.  Lose between 10 and 125 pounds and keep it off!"  The booklet continues:

26   "StarCaps are available at GNC, Great Earth and The Vitamin Shoppe."

27

28

EXHIBIT *A* PAGE *19*

## FIRST CAUSE OF ACTION
### Violation Of Business And Professions Code Section 17200, *et seq.*
### (Against All Defendants)

33.     Plaintiff re-alleges and incorporates by reference, each and every allegation set forth in paragraphs 1 through 32 above, as though they are set forth in full.

34.     Plaintiff is informed and believes and thereon alleges that by engaging in the false advertisement and concealing the presence of Bumetamide in StarCaps, Defendants, and each of them, have engaged in unlawful, unfair and/or fraudulent business acts and practices and engaged in unfair, deceptive, untrue and/or misleading advertising, in violation of the UCL.

35.     Plaintiff are informed and believe and thereon allege that Defendants GNC1, GNC2, Vitamin Shoppe and Great Earth aided and abetted Haskell and BHP in violating the UCL by cooperating in advertisements with Defendant BHP and Haskell and selling The Product to the general public.

36.     The members of the public Plaintiff represent herein have no adequate remedy at law and will suffer irreparable injury in that Defendants, and each of them, continue to refuse to give adequate warnings, notice, disclaimers or issue a recall of StarCaps in violation of the UCL as alleged herein, thus posing a continuing threat to the members of the public Plaintiff represents herein.

37.     This action seeks to enforce important rights affecting the public interest by insuring that The Product is removed from the marketplace which makes The Product available to the general public and giving notice and warnings to the general public of the presence of Bumetamide in the Product.  Consequently, Plaintiffs should be awarded attorneys' fees and costs for pursuit of this public interest, pursuant to California Code of Civil Procedure §1021.5.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### Violation Of Business And Professions Code Section 17500, *et seq.*
### (By Plaintiffs Against All Defendants)

38.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in paragraphs 1- 37 above, as though they are set forth in full.

EXHIBIT *A* , PAGE 20

39.   The Defendants, through their mislabeling and advertisement of StarCaps as stated above, engaged in advertising StarCaps with the intent to directly or indirectly induce members of the public to purchase the said products and placing the general public in potential harm. Defendants' concealment of the Bumetanide in StarCaps as alleged herein was carried with the intent to directly or indirectly induce members of the public to purchase StarCaps.

40.   Defendants' knew, or by the exercise of reasonable care should have known, that their activities and concealments alleged herein were misleading, and likely to deceive the public.

41.   Plaintiff is informed and believes and thereon alleges that Defendants GNC1, GNC2, Vitamin Shoppe and Great Earth aided and abetted and conspired with Defendant BHP and Haskell to violate the UCL as alleged both herein by concealing from the general public the presence of Bumetanide in StarCaps, as well as the potential side effects of the Bumetanide in persons when digested without medical supervision.

42.   The members of the public Plaintiff represents herein have no adequate remedy at law and will suffer irreparable injury in that Defendants, and each of them, continue to refuse to give adequate warnings, notice of the presence of Bumenatide in StarCaps, stop the sale of StarCaps or issue a recall of StarCaps.

43.   This action seeks to enforce important rights affecting the public interest by insuring that advertisements and marketing of StarCaps accurately reflects the ingredients in StarCaps and not deceive the consuming public.  Consequently, Plaintiff should be awarded attorneys' fees and costs for pursuit of this public interest, pursuant to California Code of Civil Procedure §1021.5

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth below:

### THIRD CAUSE OF ACTION
#### Unjust Enrichment
#### (Against All Defendants)

44.   Plaintiff re-alleges and incorporates by reference, each and every allegation set forth in paragraphs 1 through 43 above, as though they are set forth in full.

45.   By engaging in the conduct described in this Complaint, Defendants have been unjustly enriched by the sale of StarCaps by the use of false advertising and by engaging in

EXHIBIT A , PAGE 21

1  fraudulent and deceptive conduct to persuade customers that StarCaps is "an all natural product".

2       46.    As a proximate result of Defendants' unlawful, fraudulent, and unfair conduct,

3  Defendants have obtained revenues by which they became unjustly enriched at Plaintiff and

4  members of the proposed class's expense.  Under the circumstances alleged herein, it would be

5  unfair and inequitable for Defendants to retain the profits it has unjustly obtained at the expense

6  of the Plaintiff and the class.

7       47.    Accordingly, Plaintiff seeks an order establishing Defendant as constructive

8  trustees of the profits that served to unjustly enrich them, together with interest during the period

9  in which Defendants have retained such funds, requiring Defendants to disgorge those fnds to

10  Plaintiff and members of the proposed class in a manner to be determined by the Court.

11      WHEREFORE, Plaintiff pray for relief as hereinafter set forth below.

12

13  **FOURTH CAUSE OF ACTION**

14  **BREACH OF EXPRESS AND IMPLIED WARRANTY**
**(Against All Defendants)**

15

16       48.    Plaintiff re-alleges and incorporates by reference, each and every allegation set

17  forth in paragraphs 1 through 47 above, as though they are set forth in full.

18       49.    Defendants at all times warranted to its customers by label and otherwise that

19  StarCaps were merchantable as "an all natural dietary supplement".

20       50.    By the actions of Defendants as described above, Defendants breached the express

21  and implied warranty of merchantability, and the express warranty of fitness for a particular

22  purpose.

23      WHEREFORE, Plaintiff pray for relief as hereinafter set forth below.

24

25  **FIFTH CAUSE OF ACTION**

26  **STRICT LIABILITY**
**(Against All Defendants)**

27

28       51.    Plaintiff re-alleges and incorporates by reference, each and every allegation set

1  forth in paragraphs 1 through 50 above, as though they are set forth in full.

2      52.      Defendants, and each of them, by their actions as described above, and most

3  particularly, by selling an inherently dangerous product should be held strictly liable for their

4  actions.

5

6      WHEREFORE, Plaintiff pray for relief as hereinafter set forth below.

7

8                          **SIXTH CAUSE OF ACTION**

9              **VIOLATION OF THE CALIFORNIA SHERMAN ACT**
                    **(Against Defendants BHP & HASKELL)**
10

11     53.      Plaintiff re-alleges and incorporates by reference, each and every allegation set

12  forth in paragraphs 1 through 52 above, as though they are set forth in full.

13     54.      California's Sherman, Food, Drug and Cosmetic Act (The Sherman Act),

14  California Health & Safety Code §§ 108975-111915 protects consumers against mislabeling of

15  products including dietary supplements.  By Defendants actions as described above they have

16  violated the Sherman Act.

17     55.      By the actions of Defendants as described above, Defendants breached the express

18  and implied warranty of merchantability, and the express warranty of fitness for a particular

19  purpose.

20     WHEREFORE, Plaintiff prays for relief as hereinafter set forth below.

21

22

23

24

25

26

27

28

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of himself and as representative of all other persons similarly situated, prays for judgment against Defendants, as follows:

1.     For an order certifying the classes to proceed as a class action and appointing Plaintiff, Grady Jackson, and his counsel, to represent the classes;

2.     For restitution of all monetary amounts paid and obtained by the Defendants from those persons of the general public and members of the Class represented by Plaintiffs, directly or indirectly through all of Defendants' distribution channels, as a result of such persons' purchase of StarCaps contaminated with Bumetanide;

2.     For disgorgement to each member of the general public and/or to all members of the Class of all profit made by Defendants from the sale of StarCaps with Bumetanide to such person (i.e., not disgorgement to a fluid fund);

3.     For rescission of all purchase/sale transactions with each member of the general public and the Class represented by Plaintiff;

4.     For a mandatory injunction compelling Defendants to take all reasonable, necessary and appropriate actions to identify, locate and warn all purchasers of StarCaps with Bumetanide the measures one should take to mitigate digestion of the tainted StarCaps;

5.     For a mandatory injunction compelling Defendants to notify all members of the general public and the Class of the inherent threat of Bumetanide;

6.     For attorneys' fees and costs of suit pursuant to Code of Civil Procedure §1021.5 or from the amount recovered for the common benefit of the class;

7.     For statutory costs of suit herein; and

8.     For such other and further relief as the Court may deem proper.

DATED: November 10, 2008                          PINNACLE LAW GROUP LLP

                                         By: _____
                                              Eric J. Farber
                                              Attorneys for Plaintiffs

EXHIBIT A, PAGE 24

**EXHIBIT B**

MCGUIREWOODS LLP
LESLIE M. WERLIN #67994
JOCELYN R. CUTTINO #252393
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone: (310) 315-8200
Facsimile: (310) 315-8210

Attorneys for Defendants
General Nutrition Corporation and General Nutrition Centers, Inc.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| GRADY JACKSON, in his representative capacity pursuant to Cal. Bus. & Prof. Code §§17203, 17535 and Cal. Code Civ Pro. §§ 382, 1021.5,<br><br>Plaintiffs,<br><br>vs.<br><br>BALANCED HEALTH PRODUCTS, INC., a Delaware Corporation; NIKKI HASKELL, an individual; GENERAL NUTRITION CORPORATION, a Pennsylvania Corporation; GENERAL NUTRITION CENTERS, INC. a Pennsylvania Corporation; GREAT EARTH COMPANIES INC., a Delaware Corporation; VITAMIN SHOPPE INDUSTRIES, INC., a New York Corporation; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO. RG08419592<br><br>**NOTICE TO STATE COURT OF FILING OF NOTICE OF REMOVAL**<br><br>Complaint Filed:    November 10, 2008<br>Trial Date:    None |

TO THE CLERK OF THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 15, 2008, Defendants General Nutrition

Corporation and General Nutrition Centers, Inc. ("Defendants") filed a Notice of Removal to the

United States District Court for the Northern District of California Pursuant to 28 U.S.C.

§§ 1332(d) and 1441 with the Clerk of the United States District Court for the Northern District of

California, Oakland Division. Attached hereto as Exhibit "A" is a true and correct copy of the

6836225.1

NOTICE TO STATE COURT OF FILING OF NOTICE OF REMOVAL

**EXHIBIT** $B$

EXHIBIT $B$, PAGE 25

1  Federal Civil Case Cover Sheet, Notice of Removal (without exhibits) and Certification of

2  Interested Entities or Persons.

3        Pursuant to 28 U.S.C. § 1441(d), the filing of the Notice of Removal affects the removal of

4  this action and the above-captioned Court may proceed no further unless and until the case is

5  remanded.

6

7                         Respectfully submitted,

8                         MCGUIREWOODS LLP

9

10                       By: _____

11                              Leslie M. Werlin
                            Attorneys for Defendants General Nutrition

12                              Corporation and General Nutrition Centers, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT *B*, PAGE *26*

1 | MCGUIREWOODS LLP
LESLIE M. WERLIN #67994
2 | JOCELYN R. CUTTINO #252393
1800 Century Park East, 8th Floor
3 | Los Angeles, California 90067
Telephone: (310) 315-8200
4 | Facsimile: (310) 315-8210

5 | Attorneys for Defendants
General Nutrition Corporation and General Nutrition Centers, Inc.

6

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF ALAMEDA

10

11 | GRADY JACKSON, in his representative
capacity pursuant to Cal. Bus. & Prof. Code
12 | §§17203, 17535 and Cal. Code Civ Pro. §§
382, 1021.5,
13 | Plaintiffs,

14 | vs.

15 | BALANCED HEALTH PRODUCTS, INC., a
Delaware Corporation; NIKKI HASKELL, an
16 | individual; GENERAL NUTRITION
CORPORATION, a Pennsylvania
17 | Corporation; GENERAL NUTRITION
CENTERS, INC. a Pennsylvania Corporation;
18 | GREAT EARTH COMPANIES INC., a
Delaware Corporation; VITAMIN SHOPPE
19 | INDUSTRIES, INC., a New York
Corporation; and DOES 1-50, inclusive,

20

21 | Defendants.

CASE NO. RG08419592

**NOTICE TO PLAINTIFF OF FILING OF
NOTICE OF REMOVAL**

Complaint Filed:        November 10, 2008
Trial Date:             None

22

23 | TO PLAINTIFF AND HIS COUNSEL OF RECORD:

24 |      PLEASE TAKE NOTICE that on December 15, 2008, Defendants General Nutrition

25 | Corporation and General Nutrition Centers, Inc. ("Defendants") filed a Notice of Removal to the

26 | United States District Court for the Northern District of California Pursuant to 28 U.S.C.

27 | §§ 1332(d) and 1441 with the Clerk of the United States District Court for the Northern District of

28 | California, Oakland Division. Attached hereto as Exhibit "A" is a true and correct copy of the

6836232.1

EXHIBIT _B_, PAGE 27

1  Federal Civil Case Cover Sheet, Notice of Removal (without exhibits) and Certification of

2  Interested Entities or Persons.

3       PLEASE TAKE FURTHER NOTICE that on December 15, 2008, Defendants filed a

4  Notice to State Court of Filing of Notice of Removal with the Clerk of the Superior Court of the

5  State of California, County of Alameda, together with a copy of the Notice of Removal to the

6  United States District Court for the Northern District of California Pursuant to 28 U.S.C.

7  §§ 1332(d) and 1441.

8

9                                    Respectfully submitted,

10                                   MCGUIREWOODS LLP

11

12                          By:  _____

13                                       Leslie M. Werlin
                                    Attorneys for Defendants General Nutrition
14                                  Corporation and General Nutrition Centers, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6836232.1

2

NOTICE TO PLAINTIFF OF FILING OF NOTICE OF REMOVAL  EXHIBIT B, PAGE 26

**EXHIBIT  C**

**FDA** U.S. Food and Drug Administration

# *Recall -- Firm Press Release*

FDA posts press releases and other notices of recalls and market withdrawals from the firms involved as a service to consumers, the media, and other interested parties. FDA does not endorse either the product or the company.

## Balanced Health Products, Inc. Conducts Voluntary Urgent Nationwide Recall of Starcaps Dietary Supplement Capsules Found to Contain an Undeclared Drug Ingredient

Expanded Recall (December 8, 2008)

**Contact:**
Balanced Health Products
(212)794-9793

**FOR IMMEDIATE RELEASE** -- November 26, 2008--- Balanced Health Products, Inc. is voluntarily recalling **STARCAPS DIET SYSTEM DIETARY SUPPLEMENT, Lot 12/2011 – 84810**, sold in 30 capsule plastic bottles.

The recall is effective immediately and is being undertaken because this lot of STARCAPS contains an undeclared drug ingredient- Bumetanide – a diuretic available by prescription only. Bumetanide is also not listed on the product label as an ingredient in this product.

Bumetanide is a diuretic indicated for the treatment of edema associated with congestive heart failure, hepatic and renal disease including nephrotic syndrome. Bumetanide has been detected in STARCAPS at a level of 0.8mg per capsule. Potential risks associated with the use of Bumetanide include serious and significant fluid and electrolyte loss and an elevation in uric acid concentrations. Consumers should not take Bumetanide if they are allergic to sulfonamides. Significant drug interactions with Bumetanide, such as with digoxin and lithium, may lead to an increase risk of toxicity. Patients may also be at an increased risk of hypotension (low blood pressure), fainting (syncope) and resultant injury if they have normal blood pressure or are already taking an antihypertensive medication and take STARCAPS with undeclared Bumetanide.

The company has received no reports of illness associated with this product.

To date, this recall only applies to **Lot 12/2011 – 84810**. The company is in the process of testing other lots and will notify the FDA of its results, as well as, if additional lots are to be recalled.

The recalled lot totaling just over 10,000 consumer-size bottles were distributed nationwide from August 2008 to October 30, 2008 through retail outlets and online sales.

Consumers who purchased **STARCAPS Lot 12/2011 – 84810** should immediately discontinue their use and return it to Balanced Health Products, Inc at the address on the product label.

**EXHIBIT**  *C*

EXHIBIT *C*, PAGE *27*

Consumers with questions may contact the company at (212) 794-9793 from 10:30am to 4pm EST Monday through Friday.

Consumers who experience adverse events with any lots of this product should seek immediate help from their physician or healthcare provider.

Retail stores are being notified by fax or registered mail to immediately stop all sales and return product to the company.

This recall is being made in cooperation with the US Food and Drug Administration.

Any adverse reactions experienced with the use of this product should also be reported to the FDA's MedWatch Program by phone at 1-800-FDA-1088, by fax at 1-800-FDA-0178, by mail at MedWatch, HF-410, FDA, 5600 Fishers Lane, Rockville, MD 20852-9787, or on the MedWatch website at wwww.fda.gov/medwatch.

#

RSS Feed for FDA Recalls Information [what's this?]

Sign up for Recall email updates.

FDA Newsroom

FDA Home Page | Search FDA Site | FDA A-Z Index | Contact FDA | Privacy | Accessibility

FDA Website Management Staff

EXHIBIT C, PAGE 30

**EXHIBIT D**

 

FDA Home Page | Search FDA Site | FDA A-Z Index | Contact FDA

# *Recall -- Firm Press Release*

FDA posts press releases and other notices of recalls and market withdrawals from the firms involved as a service to consumers, the media, and other interested parties. FDA does not endorse either the product or the company.

## Balanced Health Products, Inc. Expands Voluntary Urgent Nationwide Recall of Starcaps Dietary Supplement Capsules Found to Contain an Undeclared Drug Ingredient

**Contact:**
Balanced Health Products
(212)794-9793

**FOR IMMEDIATE RELEASE** -- December 8, 2008 -- Balanced Health Products, Inc. has expanded its voluntarily recall of **STARCAPS DIET SYSTEM DIETARY SUPPLEMENT to include additional Lot Numbers 12/2009 – 82866 and 12/2010 - 83801**, sold in 30 capsule plastic bottles.

The recall is effective immediately and is being undertaken because these lots of STARCAPS contain an undeclared drug ingredient- Bumetanide – a diuretic available by prescription only. Bumetanide is also not listed on the product label as an ingredient in this product.

Bumetanide is a diuretic indicated for the treatment of edema associated with congestive heart failure, hepatic and renal disease including nephrotic syndrome. Bumetanide has been detected in STARCAPS at a level of 0.8mg per capsule. Potential risks associated with the use of Bumetanide include serious and significant fluid and electrolyte loss and an elevation in uric acid concentrations. Consumers should not take Bumetanide if they are allergic to sulfonamides. Significant drug interactions with Bumetanide, such as with digoxin and lithium, may lead to an increase risk of toxicity. Patients may also be at an increased risk of hypotension (low blood pressure), fainting (syncope) and resultant injury if they have normal blood pressure or are already taking an antihypertensive medication and take STARCAPS with undeclared Bumetanide.

The company has received no reports of illness associated with this product.

The company's investigation to date has indicated that an additional lot of raw material intended for use in the production of STARCAPS which has been stored in sealed drums since the time of its importation into the U.S. is also contaminated with Bumetanide. This information seems to indicate that the contamination occurred at the point of production of the raw material in Lima, Peru.

**STARCAPS lot number 12/2009 – 82866**, totaling 28,739 consumer-size bottles was distributed nationwide from 3/2006 to 4/2007 through retail outlets and online sales.

**STARCAPS lot number 12/2010 - 83801**, totaling 28,530 consumer-size bottles was distributed nationwide from 5/2007 to 7/2008 through retail outlets and online sales.



EXHIBIT D, PAGE 31

Consumers who purchased **STARCAPS Lot Numbers 12/2009 – 82866 and 12/2010 – 83801** should immediately discontinue their use and return it to Balanced Health Products, Inc. at the address on the product label.

Consumers with questions may contact the company at (212) 794-9793 from 10:30am to 4pm EST Monday through Friday.

Consumers who experience adverse events with any lots of this product should seek immediate help from their physician or healthcare provider.

Retail stores are being notified by fax or registered mail to immediately stop all sales and return product to the company.

This recall is being made in cooperation with the US Food and Drug Administration.

Any adverse reactions experienced with the use of this product should also be reported to the FDA's MedWatch Program by phone at 1-800-FDA-1088, by fax at 1-800-FDA-0178, by mail at MedWatch, HF-410, FDA, 5600 Fishers Lane, Rockville, MD 20852-9787, or on the MedWatch website at wwww.fda.gov/medwatch.

#

Firm Release (November 24, 2008)

RSS Feed for FDA Recalls Information [what's this?]

✉ Sign up for Recall email updates.

FDA Newsroom

FDA Home Page | Search FDA Site | FDA A-Z Index | Contact FDA | Privacy | Accessibility

FDA Website Management Staff

EXHIBIT _D_, PAGE 32

**EXHIBIT E**

1  MCGUIREWOODS LLP
   SIDNEY K. KANAZAWA #84608
2  LESLIE M. WERLIN #67994
   PATRICIA L. VICTORY #240114
3  1800 Century Park East, 8th Floor
   Los Angeles, California 90067
4  Telephone: (310) 315-8200
   Facsimile: (310) 315-8210
5
   Attorneys for General Nutrition Corporation, And
6  General Nutrition Centers, Inc.

7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

               FOR THE COUNTY OF ALAMEDA
10
               UNLIMITED CIVIL CASE
11

12
   GRADY JACKSON, in his representative          CASE NO. RG 08419592
13 capacity pursuant to Cal. Bus. & Prof. Code
   §§17203, 17355 and Cal. Code Civ Pro.         *Unlimited Civil Case*
14 §§382, 10215,

15              Plaintiff,                        **REPRESENTATIVE ACTION AND
                                                  CLASS ACTION**
16        vs.

17 BALANCED HEALTH PRODUCTS, INC., a             **DEFENDANT GENERAL NUTRITION
   Delaware Corporation; NIKKI HASKELL, an       CORPORATION'S AND GENERAL
18 individual; GENERAL NUTRITION                 NUTRITION CENTERS, INC.'S
   CORPORATION, a Pennsylvania                   ANSWER TO COMPLAINT**
19 Corporation; GENERAL NUTRITION
   CENTERS, INC., a Pennsylvania Corporation;    Complaint Filed:  November 10, 2008
20 GREAT EARTH COMPANIES INC., a                 Trial Date:        Not Set
   Delaware Corporation; VITAMIN SHOPPE
21 INDUSTRIES, INC., a New York
   Corporation; and DOES 1-50, inclusive ,      **DEMAND FOR JURY TRIAL**
22
                Defendants.
23

24

25

26       Defendant General Nutrition Corporation ("GNC") and Defendant General Nutrition

27 Centers, Inc. ("GNCI"), hereby answers Plaintiff's Complaint for Damages ("Complaint") as

28 follows:                                              EXHIBIT *E*, PAGE **33**

   6828554.1

   **EXHIBIT** *E*
   DEFENDANTS GENERAL NUTRITION CORPORATION AND GENERAL NUTRITION CENTERS INC.'S
                          ANSWER TO COMPLAINT

## Fifth Affirmative Defense

### (No Basis for National Class Action)

GNC and GNCI assert and allege that Plaintiff's class action claims have no factual basis and should not be certified as a class action because it is based on California law and lacks the necessary facts to justify class action treatment.

## Sixth Affirmative Defense

### (Comparative Fault or Apportionment)

In the alternative and only in the event that this Court should find the allegations regarding Nikki Haskell's StarCaps to have resulted from some fault on the part of GNC and GNCI, which GNC and GNCI strictly denies, GNC and GNCI would show that the fault of those for whom GNC and GNCI is not responsible, including Plaintiff, should be used to reduce any recoverable damages herein in proportion to the degree or percentage of fault attributable to them, in accordance with the law.

## Seventh Affirmative Defense

### (Compliance With Laws)

GNC and GNCI assert and allege that at all material times, GNC and GNCI complied with applicable statutory, regulatory, and common law requirements. Accordingly, some or all of the Plaintiff's claims are or may be barred by GNC's and GNCI 's compliance with all applicable state, federal, and local laws and regulations.

## Eighth Affirmative Defense

### (Misuse)

Any and all damages alleged by Plaintiff were caused by misuse of the product at issue in this case, failure to use the product properly, and/or alteration or negligent use of the product.

## Ninth Affirmative Defense

### (Assumption of Risk)

Plaintiff's claims are barred by Plaintiff's express and/or implied assumption of the risks, if any, inherent in the alleged use of the product or products at issue.

///

EXHIBIT **E**, PAGE **35**

6828554.1

DEFENDANTS GENERAL NUTRITION CORPORATION AND GENERAL NUTRITION CENTERS INC.'S
ANSWER TO COMPLAINT

## Tenth Affirmative Defense

### (Statute of Limitations)

Plaintiff's claims are barred by the applicable statute(s) of limitations, including Cal. Code Civ. Proc. §§ 335.1 and 338, 339 Business & Professions Code § 17208 .

## Eleventh Affirmative Defense

### (Unknown and Unforeseeable Risk)

The extent of any risk associated with the use of GNC's and GNCI's product, the existence of which is not admitted, was, at the time of the distribution of the product by GNC and GNCI, unknown and could not have been known by the use of ordinary care by GNC and GNCI.

## Twelfth Affirmative Defense

### (Failure to Join Necessary Parties)

Plaintiff has failed to join all necessary and indispensable parties.

## Thirteenth Affirmative Defense

### (Failure to Mitigate Damages)

Plaintiff's claims are barred because Plaintiff has failed and refused to mitigate her alleged damages.

## Fourteenth Affirmative Defense

### (Additional Defenses)

As a separate and distinct affirmative defense, and while denying each of the material allegations contained therein, Answering Defendant asserts and alleges that it reserves the right to raise any additional defenses as may be revealed by discovery or investigation in this matter.

## PRAYER FOR RELIEF

Wherefore, GNC and GNCI pray for judgment as follows:

1.    That Plaintiff's prayer for relief be denied;

2.    That Plaintiff take nothing by way of their complaint herein;

3.    For GNC and GNCI's costs of suit; and,

4.    For such other and further relief as the court deems just and proper.

1  **<u>DEMAND FOR JURY TRIAL</u>**

2     GNC and GNCI demands a trial by jury on all issues so triable in this action.

3

4  DATED: December 12, 2008          MCGUIREWOODS LLP

5

6                                     By:  _____

7                                          Sidney K. Kanazawa
                                           Attorneys for General Nutrition Corporation

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT **E**, PAGE **37**

6828554.1

DEFENDANTS GENERAL NUTRITION CORPORATION AND GENERAL NUTRITION CENTERS INC.'S
ANSWER TO COMPLAINT

PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1800 Century Park East, 8th Floor, Los Angeles, California 90067.

On December 12, 2008, I served the following document described as **DEFENDANT GENERAL NUTRITION CORPORATION'S AND GENERAL NUTRITION CENTERS, INC.'S ANSWER TO COMPLAINT** on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope addressed as follows:

> Eric J. Farber
> Andrew A. August
> John L. Fitzgerald
> Pinnacle Law Group LLP
> 425 California Street, Suite 1800
> San Francisco, CA 94104
> Tel: (415) 394-5700
> Fax:: (415) 394-5003

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☐ **BY FACSIMILE:** At approximately _____, I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was (310) 315-8210. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

☐ **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

☐ **BY HAND DELIVERY:** I delivered such envelope(s) by hand to the office of the addressee(s). (C.C.P. § 1011(a)(b))

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 12, 2008, at Los Angeles, California.

Dana Chan

EXHIBIT **E** , PAGE **38**

6828554.1

- 1 -

PROOF OF SERVICE

1

## PROOF OF SERVICE

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1800 Century Park

4

East, 8th Floor, Los Angeles, California 90067.

5

On December 15, 2008, I served the following document(s) described as **NOTICE OF**

6

**REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332(d) AND 1441** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes

7

addressed as follows:

8

### SEE ATTACHED LIST

9

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it

10

would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage

11

thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

12

☐ **BY FACSIMILE:** At approximately _____, I caused said document(s) to be transmitted

13

by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was (310) 315-8210. The name(s) and facsimile

14

machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine

15

properly issued a transmission report confirming that the transmission was complete and without error.

16

☐ **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility

17

regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an

18

envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

19

☐ **BY HAND DELIVERY:** I delivered such envelope(s) by hand to the office of the

20

addressee(s). (C.C.P. § 1011(a)(b))

21

☐ **BY PERSONAL SERVICE:** I personally delivered such envelope(s) to the addressee(s).

22

(C.C.P. § 1011)

I declare that I am employed in the office of a member of the bar of this Court at whose

23

direction the service was made.

24

Executed on December 15, 2008, at Los Angeles, California.

25

26

SHERLYNN HICKS

27

28

1

**SERVICE LIST**

2   Erick J. Farber, Esq.                    Attorneys for Plaintiff
    Andrew A. August                        GRADY JACKSON
3   John L. Fitzberald
    Pinnacle Law Group LLP
4   425 California Street
    Suite 1800
5   San Francisco, CA  94104
    415.394.5700
6   F-415.394.5003

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28