Eric J. Farber (SBN 169472)
efarber@pinnaclelawgroup.com
Andrew A. August (SBN 112851)
aaugust@pinnaclelawgroup.com
Kevin F. Rooney (SBN 184096)
krooney@pinnaclelawgroup.com
PINNACLE LAW GROUP LLP
425 California Street, Suite 1800
San Francisco, California 94104
Telephone: (415) 394-5700
Facsimile: (415) 394-5003
www.pinnaclelawgroup.com

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO/ OAKLAND DIVISION

| | |
|---|---|
| GRADY JACKSON and KELLEY ALEXANDER in their representative capacity pursuant to Cal. Bus. & Prof. Code §§17203, 17535 and Cal. Code Civ Pro. §§ 382, 1021.5,<br><br>Plaintiffs<br><br>v.<br><br>BALANCED HEATH PRODUCTS, INC., a Delaware Corporation; NIKKI HASKELL, an individual; GENERAL NUTRITION CORPORATION, a Pennsylvania Corporation, GENERAL NUTRITION CENTERS, INC., a Pennsylvania Corporation; and, VITAMIN SHOPPE INDUSTRIES, Inc., a New York Corporation, inclusive,<br><br>Defendants. | CASE NO. C 08-05584-CW<br><br>**REPRESENTATIVE ACTION AND CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>**BEFORE THE HONORABLE JUDGE CLAUDIA WILKEN**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs, Grady Jackson and Kelly Alexander, both individually and on behalf of others similarly situated, bring this action against Defendants and each of them as follows:

## I. SUMMARY OF COMPLAINT

1. This class action seeks to stop the sale and provide injunctive relief, restitution and monetary damages from the manufacture and distribution of "Nikki Haskell's StarCaps" dietary supplement on behalf Plaintiffs and the Class members. StarCaps, alleged to be an "all natural

dietary supplement" actually contains Bumetanide, a drug only available in the United States by prescription (hereinafter the term "StarCaps" shall refer only to the product lots containing Bumetanide). Defendant Nikki Haskell ("Haskell"), through her company Defendant Balanced Health Products, Inc. ("BHP") created, manufactured, produced, advertised and distributed through co-Defendants, General Nutrition Corporation ("GNC1"); General Nutrition Centers, Inc. ("GNC2") and Vitamin Shoppe Industries, Inc. ("Vitamin Shoppe") "Nikki Haskell's StarCaps" (hereinafter referred to as "The Product" or "StarCaps"). Upon information and belief, Defendants GNC1, GNC2 and Vitamin Shoppe were the primary retail distributors of StarCaps. Sold as a "Diet System" and "Dietary Supplement" that is an "all natural dietary supplement" which "is a rare blend of papaya and garlic containing a unique combination of natural plant ingredients…" which, according to literature attached to the bottles states that 'millions of people have found… to be the solution to their weight loss problems'. StarCaps boasts that the "all natural dietary supplement detoxes your system by metabolizing protein and eliminating bloat. It's safe, fast and effective…. Lose between 10 and 125 pounds and keep it off!" StarCaps claims its effects come from papaya and garlic act which they claim act as natural diuretics which causes the user to lose weight. However, StarCaps actually contains Bumetanide, a powerful loop diuretic available only by prescription. StarCaps has been widely marketed, distributed and sold throughout the United States in various retail stores, including the retail and online retail versions of Defendants GNC1 & 2 and Vitamin Shoppe. StarCaps has been available for more than twenty years. StarCaps label, packaging and other various advertising fails to identify and fails to warn that it contains near therapeutic levels of Bumetanide. Upon information and belief, co-defendants GNC, and Vitamin Shoppe have participated in joint advertising of StarCaps to consumers throughout the United States. Purchasers of StarCaps spent approximately $100.00 per bottle.

2. Defendants' efforts to promote and sell the product have worked phenomenally well. StarCaps has been on the market for approximately twenty years as one of the top selling dietary supplements and claims millions of bottles sold. StarCaps has garnered celebrity endorsements and promoted the product to where it has gained legendary status as a diet pill.

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

5088.001/00074930

2

FIRST AMENDED **COMPLAINT**
CASE NO. C 08-05584-CW

Haskell even received an award for StarCaps billboards along the famous Sunset Strip in Los Angeles promoting StarCaps. The billboards have been a staple of the Sunset Strip since 1991 which picture Haskell atop "StarCaps" using fonts made to resemble the famous Hollywood sign.

3. The purpose of this action is to put a stop to the sale of StarCaps and the false statements and mislabeling that persuaded customers to pay approximately one hundred dollars per bottle for StarCaps; to provide warnings to people who still have StarCaps or could come into contact with StarCaps, regarding the serious health problems that could occur from the use of StarCaps such as profound water loss, electrolyte depletion, dehydration, reduction in blood volume, circulatory collapse, vascular thrombosis, embolism and hypokalemia that can occur when StarCaps is taken as directed; to recall any product that is in the marketplace and to provide restitution to the Plaintiff and the class; and, the disgorgement of any revenues received from the sale of the Product. Although, BHP has made the statement that they are no longer shipping StarCaps, upon information and belief the GNC1, GNC2, and Vitamin Shoppe among other retailers throughout the nation continue to sell StarCaps and upon information and belief, unused StarCaps remains in the marketplace.

4. This action is a consumer class and representative action brought under California's Unfair Competition Law and False Advertising Law (respectively, Cal. Bus. & Prof. Code §§17200 *et seq.* and §§17500 *et. seq.*, sometimes hereinafter collectively referred to as the "UCL"), and under Cal. Code of Civil Procedure §382. The Complaint also alleges violation of California's Sherman Food, Drug and Cosmetic Act (California Health and Safety Code §§ 108975-111915 ("Sherman Act"),) negligence, breach of the warranty of fitness for intended use and strict liability. Every bottle of The Product is "misbranded" under the Sherman Act. The action is brought on behalf of those persons throughout the United States who purchased StarCaps manufactured, marketed, promoted, advertised, distributed and/or sold by collectively collectively Defendants.

5. Plaintiff Jackson is a professional football player who purchased StarCaps because it claimed to be an all natural dietary supplement to be able to lose weight in preparation for the upcoming football season. In March of 2008 Mr. Jackson bought his first bottle of The Product at

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

5088.001/00074930    3    FIRST AMENDED **COMPLAINT**
CASE NO. C 08-05584-CW

the General Nutrition Center store in Alameda, California. He purchased a second bottle in approximately June of 2008 at a Vitamin Shoppe in Atlanta, Georgia. Later in the summer, Jackson tested positive in a banned substance test for the National Football League and was suspended for four games. The substance detected was Bumenatide. Jackson is appealing the ruling with the National Football League.

6. Plaintiff Alexander is a California resident who purchased StarCaps for over four years because it claimed to be an all natural dietary supplement. Alexander purchased numerous bottles of StarCaps at both General Nutrition Center stores and Vitamin Shoppe stores.

## II. PARTIES

7. Plaintiff Grady Jackson is an individual over the age of 18 and is a resident of Georgia. Jackson brings this action solely in his representative capacity, pursuant to Cal. Bus. & Prof. Code §§17203 and 17535 and Cal. Code Civ. Pro. §1021.5, on behalf of all purchasers in the United States of StarCaps.

8. Plaintiff Kelley Alexander is an individual over the age of 18 and is a resident of Los Angeles County California. Alexander brings this action solely in her representative capacity pursuant to Cal. Bus. & Professions Code §§17203 and 17535 and Cal. Code of Civ. Pro. §1021.5, on behalf of all purchasers in the United States of StarCaps.

8. Plaintiffs are informed and believe and thereon allege that Defendant Balanced Health Products ("BHP"), is a Delaware corporation doing business in California with its principal place of business in New York, New York. BHP is the producer, manufactured and both wholesale and retail (through its internet site www.starcaps.com) distributor of "Nikki Haskell's StarCaps." BHP was formerly registered to do business in California and although it does business in California it is not properly registered to do so.

9. Plaintiffs are informed and believe and thereon allege that Defendant Haskell is a resident of New York. Upon information and belief, Haskell is the sole owner of BHP and operates BHP solely to her own benefit and is the alter ego of BHP.

10. Plaintiffs are informed and believe and thereon allege that Defendant GNC1 and

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

5088.001/00074930    4    FIRST AMENDED **COMPLAINT**
CASE NO. C 08-05584-CW

GNC2 are the owners, operators and franchisors of the General Nutrition Stores, which include stores in this judicial district. Upon information and belief, GNC1 & GNC2 are Pennsylvania Corporations. GNC1 is registered to do business in California. GNC1 and GNC2 have a principal place of business at 300 Sixth Avenue, Pittsburgh, Pennsylvania 15222.

11. Plaintiffs are informed and believe and thereon allege that Defendant The Vitamin Shoppe Industries, Inc. is a New York corporation with its principal place of business at 2101 91st Street, North Bergen, New Jersey 07047. The Vitamin Shoppe Industries, Inc. does business as The Vitamin Shoppe and has retail stores throughout California, the United States and on the internet. The Vitamin Shoppe Industries, Inc. is registered to do business in the State of California as a foreign corporation. Hereinafter, defendants GNC and Vitamin Shoppe are collectively referred to as the "Retail Defendants".

12. Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, each of the Defendants, was the predecessor, successor in interest, agent or employee of the other Defendants and was, in doing the things complained of herein, acting within the scope of his, her or its agency and/or employment, and with the permission and consent of each of the co-Defendants, and the actions herein alleged were ratified by each principal, employer and master.

13. Plaintiffs are informed and believe and thereon allege that at all times mentioned herein, the Defendants, and each of them, engaged in certain activities incident to the chain of distribution of StarCaps to the general public. Such activities also include, without limitation, packaging, developing and distributing products and related product information and print, point of purchase, radio, television, internet advertising and marketing campaigns for StarCaps (all of which are sometimes hereinafter collectively referred to as the "Advertising Activities").

**IV. JURISDICTION**

14. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§1332(d) and 1441 as the amount in controversy exceeds $5,000,000.00 and the representative

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

5088.001/00074930         5         FIRST AMENDED **COMPLAINT**
CASE NO. C 08-05584-CW

Plaintiffs are citizens of a state different than any Defendant. On December 15, 2008 Defendant General Nutrition Corporation and General Nutrition Centers, Inc. filed for removal of the action under the 28 U.S.C. §1332(d) of the Class Action Fairness Act ("CAFA") to this Court as there is diversity under CAFA, 28 U.S.C. §1332(d) and approximately $8,400,000.00 in controversy. (*Defendant's General Nutrition Corporation and General Nutrition Centers, Inc.'s Notice of Removal to the United States District Court of California Pursuant to 28 USC§§ 1332(d) and 1441, Page2, ¶¶2 &3.*)

### III.  VENUE

15.     Venue is proper in this District pursuant to 28 U.S.C. §1391 because a substantial portion of the activities at issue occurred in this judicial district and all Defendants do substantial business in this district and Defendants have received substantial fees from California consumers who have purchased the Product here.

### IV.     CLASS ALLEGATIONS

16.     This action is brought by Plaintiff pursuant to Federal Rule of Civil Procedure 23 on behalf of the following proposed class ("Proposed Class"):

> All natural persons in the United States who, within the last four years, purchased StarCaps from any of the Retail Defendants which contained Bumenatide.

17.     Plaintiffs and the Proposed Class seek certification of claims against Defendants for injunctive relief pursuant to the Section 17204 of the UCL.

18.     The following persons shall be excluded from the Class: (1) Defendants and its subsidiaries and affiliates; (2) all persons who make a timely election to be excluded from the proposed Class; (3) governmental entities; and (4) the judge(s) to whom this case is assigned and any immediate family members thereof.

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

5088.001/00074930           6           FIRST AMENDED **COMPLAINT**
                                        **CASE NO. C 08-05584-CW**

19. Plaintiffs reserve the right to modify or amend the Class definition before the Court determines whether certification is appropriate.

20. Certification of Plaintiffs' claims for class-wide treatment is appropriate under California law because Plaintiffs can prove the elements of their claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

21. **Numerosity Under Rule 23(a)(1):** Plaintiffs are informed and believe and thereon allege that each Proposed Class is made up of thousands of individuals, sufficiently numerous that their individual joinder is impractical. The precise identities, numbers and addresses of members of each Proposed Class is unknown to the Plaintiff at this time, but may and should be known with proper and full discovery of Defendants, third parties, and their respective records.

22. **Commonality Under Rule 23(a)(2)**: There is a well-defined commonality and community of interest in the questions of fact and law involved affecting the members of each Proposed Class. The common questions of law and fact as to each Proposed Class include, but are not limited to:

    a) whether Defendants violated Business and Professions Code section 17200, *et seq.* and section 17500, *et seq.* by virtue of their production, distribution, marketing, advertising and sale of StarCaps which was falsely labeled and contained Bumetanide;

    b) whether Bumetanide was present in StarCaps and if so when Bumetanide first became present in StarCaps;

    c) whether Defendants knew or should have known that Bumetanide was present in StarCaps;

    d) whether Defendants were negligent in the placement of Bumetanide in StarCaps;

    e) whether the Retail Defendants were negligent in selling Bumetanide to the Class;

    f) whether Defendants BHP and Haskell violated the California Sherman Act by the presence of Bumetanide in StarCaps;

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

5088.001/00074930     7     FIRST AMENDED **COMPLAINT** CASE NO. C 08-05584-CW

        g)     whether the Retail Defendants violated the California Sherman Act by selling Starcaps with Bumentanide;

        h)     whether all Defendants should be held strictly liable for damages caused by the sale of StarCaps with Bumetanide;

        i)     whether Defendants should be enjoined from any further sale of StarCaps to the general public;

        j)     whether the Defendants were unjustly enriched by the sale of StarCaps with Bumetanide; and,

        k)     whether Plaintiffs and the class are entitled to restitution of the funds expended to purchase StarCaps with Bumetanide;

        l)     whether Plaintiffs and the class are entitled to a disgorgement of revenues by Defendants for their manufacture and sale of StarCaps with Bumetanide

23.     **Typicality Under Rule 23(a)(3)**: Plaintiff's claims are typical of the claims of the members of each Proposed Class because 1) Plaintiffs satisfy each of the criteria of each Proposed Class; 2) all other members of each Proposed Class have suffered or will suffer the identical harm as each Proposed Class' plaintiff representative as a result of Defendants' violations of law as alleged herein; 3) the remedies sought by Plaintiffs is also sought by each of the other members of each Proposed Class and is directed towards Defendants' conduct perpetrated on each Proposed Class as a whole.

24.     **Adequacy of Representation under Rule 23(a)(4)**: Plaintiff is an adequate representative of each Proposed Class because his interests do not conflict with the interests of the members of each Proposed Class they seek to represent. Plaintiff has retained competent counsel for this class action and Plaintiff and his counsel intend to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of the members of each Proposed Class.

25.     **The Class Can Be Properly Maintained Under Rules 23(b)(3) and (c):** This suit may be maintained as a class action under Federal Rule 23 because questions of fact and law

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

5088.001/00074930      8      FIRST AMENDED **COMPLAINT** CASE NO. C 08-05584-CW

common to each Proposed Class predominate over the questions affecting only individual members of the classes and a class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each individual class member may be disproportionate to the burden and expense of individual prosecution of complex and extensive litigation to proscribe Defendants' conduct and practices. Additionally, effective redress for each and every class member against Defendants may be limited or even impossible where serial, duplicitous, or concurrent litigation occurs on these disputes. Even if individual class members could afford or justify the prosecution of their separate claims, the court system may not be up to the task. Individualized litigation may lead to incongruous and conflicting judgments against Defendants. To the contrary, a class action procedure involving all class members, Defendants and the court present fewer management difficulties, and provide the benefit of a single adjudication, economy of scale, and judicial efficiency and fairness.

## V. GENERAL ALLEGATIONS

26. Approximately twenty-five years ago, Nikki Haskell developed StarCaps Dietary Supplement. StarCaps was touted as an "all natural" over the counter diet pill that contained garlic and papaya extract as its main active ingredients. In reality, StarCaps contains Bumetanide, a powerful loop diuretic that is available by prescription only and is considered a banned substance in the National Football League. Bumetanide is used for the treatment of edema associated with congestive heart failure, hepatic and renal disease. The November/ December 2007 issue of The Journal of Analytical Toxicology published the article *Detection of Bumetanide in an Over-the-Counter Supplement,* in which a study at the Center for Human Toxicology at the University of Utah purchased bottles of StarCaps and tested the pills through a high performance liquid chromatography and revealed that all specimens contained equal amounts of Bumetanide at near therapeutic doses. The article further suggests that the uniformity of the doses suggests the placement of Bumetanide was intentional.

27. Plaintiffs are informed and believe and thereon allege that Defendants and each of them were aware or should have been aware that StarCaps contained Bumetanide.

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

5088.001/00074930     9     FIRST AMENDED **COMPLAINT**
CASE NO. C 08-05584-CW

28. Plaintiffs are informed and believe and thereon allege that despite Defendants' extensive knowledge of the problem, Defendants, and each of them, continued to engage in the manufacture, advertisement, distribution and/or retail sales of StarCaps to the general public after having such knowledge. Defendants knowingly and intentionally withheld this information from the general public in order to sell StarCaps under the guise that it is an "all natural dietary supplement".

29. Plaintiffs is informed and believe and thereon allege that Defendants, and each of them, made a conscious, economically driven decision to use Bumetanide in StarCaps and conceal from the public both the inclusion of Bumetanide and its dangerous side effects.

30. Despite Defendants' knowledge of the contamination it was not until numerous National Football League players, Plaintiff Grady Jackson being one of them, tested positive for a banned substance and another player filed suit for his suspension that StarCaps discontinued the shipping of The Product. As of October 30, 2008 the StarCaps.com, the office site of the Defendant Balanced Health Products, Inc. issued the following statement:

**PRESS RELEASE**

**We've received notice of a problem with an NFL player.**

**We have referred the matter to our counsel and are taking all necessary steps to ensure that our customers receive product that is safe and effective. We have temporarily suspended shipping of StarCaps pending the results of our investigation.**

**Thank You.**

31. Plaintiffs are informed and believe and thereon allege that despite the "Press Release" that StarCaps was still available for purchase through General Nutrition Centers and The Vitamin Shoppe retail stores and their internet sites until such time that BHP issued a voluntary recall of the Product through the Food and Drug Administration. The retail defendant's continued to sell StarCaps even after the notice on Starcaps.com.

32. Plaintiff Grady Jackson is a professional football player with the Atlanta Falcons Football Club. In March of 2008, Jackson purchased his first bottle of StarCaps at a General Nutrition Center store in Alameda, California. In June of 2008 he purchased his second bottle at

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

5088.001/00074930    10    FIRST AMENDED **COMPLAINT**
CASE NO. C 08-05584-CW

a Vitamin Shoppe in Atlanta, Georgia. Mr. Jackson purchased StarCaps because the bottles contained information that StarCaps is an "all natural dietary supplement" containing active ingredients of papaya extract and garlic, which the bottles claim are natural diuretics. Thereafter, during random drug testing, Jackson was suspended for testing positive for Bumetamide, a banned substance under the National Football League substance program. Jackson's suspension of four games is currently being appealed with the National Football League.

33. Plaintiff Kelley Alexander California. She has been purchasing StarCaps on a regular basis from General Nutrition Centers and The Vitamin Shoppe for over ten years. Alexander purchased the Product because she believed that it contained only natural ingredients and safe and trusted the Product because it was sold at General Nutrition Centers and the Vitamin Shoppe.

34. StarCaps is sold in individual bottles that come with a pamphlet entitled "Nikki Haskell's StarCaps Booklet". The pamphlet is attached to the bottle by a gold elastic ribbon. The booklet and the bottle are wrapped together in plastic. The booklet contains numerous representations including the following:

> **This all-natural dietary supplement detoxes your system by metabolizing protein and eliminating bloat. It's safe, fast and effective, and it contains no ephedra. Lose between 10 and 125 pounds and keep it off!**
> **StarCaps are available at GNC, Great Earth and The Vitamin Shoppe.**

### THE RETAIL DEFENDANTS

35. General Nutrition Centers, according to the Investor Relations page of its website at www.gnc.com, is the largest global specialty retailer of nutritional products; including vitamin, mineral, herbal and other specialty supplements, and sports nutrition, diet and energy products. They own and operate over 4800 retail locations in the United States and additional outlets in forty-eight foreign countries. GNC represents to consumers and to its own investors that they are not only knowledgeable but protect consumers from dangerous products. In its 10K report from 2007, GNC states the following: "The company states that it maintains distribution centers in

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

5088.001/00074930   11   FIRST AMENDED **COMPLAINT**
CASE NO. C 08-05584-CW

Pennsylvania, South Carolina and Arizona. Each has a quality control department that monitors products received from our vendors to ensure quality standards." GNC also recognizes the massive size of the unregulated dietary supplement industry, stating that it made up $152,000,000 of GNC's sales (2007) and they specifically address this part of the market in their financial reporting. GNC's 2007 10K further states: "Diet products consist of various formulas designed to supplement the diet and exercise plans of weight conscious consumers. Our target consumer for diet products is the 18-49 year old female. We typically offer a variety of diet products, including pills, meal replacements, shakes, diet bars, and teas. Our retail stores offer our proprietary and *third-party products suitable for different diet and weight management approaches*, including low-carbohydrate and products designed to increase thermogenesis (a change in the body's metabolic rate measured in terms of calories) and metabolism." (*Emphasis added,* GNC 2007 10K.)

36. The Vitamin Shoppe owns and operates more than four hundred retail locations in thirty-seven states as well as maintains a robust internet site with scores of articles and health information it provides to its customers. They tout themselves as a place, both in store and on the internet, as a place where consumers can be educated about health and the products they offer. "Over the years, The Vitamin Shoppe has grown not only in size and product selection, but also in the ability to inform and educate customers. The Vitamin Shoppe is recognized as an innovator in providing product information, associate training, and customer education." http://www.vitaminshoppe.com/content/en/support/help/about_us.jsp?intsource=footer.

37. The Vitamin Shoppe also touts quality control from its third party vendors and represents the following regarding their products from third party vendors in the 10K reporting of VS Holdings, Inc (The Vitamin Shoppe's parent company): "[W]e have established *quality control operating procedures to review vendors of third-party products for their track records on issues such as quality, efficacy and safety, to ensure that all third-party vendors meet the manufacturing and advertising standards required by the regulatory agencies* to satisfy our standards. We further review each new product proposed to be carried by us to assure the safety of the ingredients. We reject those products that do not comply with the law or contain

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

5088.001/00074930   12   FIRST AMENDED **COMPLAINT**
CASE NO. C 08-05584-CW

ingredients that we believe may be unsafe." (*Emphasis added,* VS Holdings, Inc. 2007 10K).

38. The Retail Defendants are relied upon every day by their customers to provide to them safe, effective and properly labeled products. They hold themselves out at companies with superior knowledge, the ability and wherewithal to apply and enforce quality control and standards, including vetting third party vendors on behalf of consumers. Their representations to consumers state that they should be trusted and their concerns are alleviated if they purchase products from them.

## FIRST CAUSE OF ACTION

**Violation Of Business And Professions Code Section 17200, *et seq.*
(Against All Defendants)**

39. Plaintiffs re-allege and incorporate by reference, each and every allegation set forth in the paragraphs 1 through 38 above, as though they are set forth in full.

40. Plaintiffs are informed and believe and thereon allege that by engaging in the false advertisement, as more fully described in the Second Cause of Action, and concealing the presence of Bumetamide in StarCaps, Defendants, and each of them, have engaged in unlawful, unfair and/or fraudulent business acts and practices and engaged in unfair, deceptive, untrue and/or misleading advertising, in violation of the UCL. Further, Defendants, and each of them, directly and indirectly violated the California Sherman Act by manufacturing and/or distributing the Product that is mislabeled, which gives rise to a violation of the UCL.

41. Plaintiffs are informed and believe and thereon allege that Defendants GNC1, GNC2, Vitamin Shoppe (The Retail Defendants) aided and abetted Haskell and BHP in violating the UCL by cooperating in advertisements with Defendant BHP and Haskell and selling The Product to the general public. By placing the Product in their stores and giving the Product *legitimacy* The Retail Defendants furthered the means for BHP and Haskell to sell the mislabeled and dangerous product and commit UCL violations making The Retail Defendants liable for UCL Violations.

42. The members of the public Plaintiffs represent herein have no adequate remedy at law and will suffer irreparable injury in that Defendants, and each of them, continue to refuse to

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

5088.001/00074930    13    FIRST AMENDED **COMPLAINT**
CASE NO. C 08-05584-CW

give adequate warnings, notice, disclaimers or issue a recall of StarCaps in violation of the UCL as alleged herein, thus posing a continuing threat to the members of the public Plaintiffs represent herein.

43. This action seeks to enforce important rights affecting the public interest by insuring that The Product is removed from the marketplace which makes The Product available to the general public and giving notice and warnings to the general public of the presence of Bumetanide in the Product as well as seeks restitution and a disgorgement of revenues for the violation of the UCL. Consequently, Plaintiffs should be awarded attorneys' fees and costs for pursuit of this public interest, pursuant to California Code of Civil Procedure §1021.5.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## **SECOND CAUSE OF ACTION**

**Violation Of Business And Professions Code Section 17500, *et seq*.**
**(By Plaintiffs Against All Defendants)**

44. Plaintiffs reallege and incorporate by reference each and every allegation set forth in paragraphs 1- 43 above, as though they are set forth in full.

45. The Defendants, through their mislabeling and advertisement of StarCaps as stated above, engaged in advertising StarCaps with the intent to directly or indirectly induce members of the public to purchase the Product and placing the general public in potential harm. Defendants' concealment of the Bumetanide in StarCaps as alleged herein was carried with the intent to directly or indirectly induce members of the public to purchase StarCaps.

46. Defendants' knew, or by the exercise of reasonable care should have known, that their activities and concealments alleged herein were misleading and likely to deceive the public.

47. Plaintiffs are informed and believe and thereon allege that Defendants GNC1, GNC2 and Vitamin Shoppe, directly and indirectly participated in, aided and abetted, conspired with and furthered the means for Defendant BHP and Haskell to violate the UCL as alleged both herein by concealing from the general public the presence of Bumetanide in StarCaps, as well as the potential side effects of the Bumetanide in persons when digested without medical supervision.

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

5088.001/00074930      14      FIRST AMENDED **COMPLAINT**
CASE NO. C 08-05584-CW

48. The members of the public Plaintiffs represent herein have no adequate remedy at law and will suffer irreparable injury in that Defendants, and each of them, continue to refuse to give adequate warnings, notice of the presence of Bumenatide in StarCaps, stop the sale of StarCaps or issue a recall of StarCaps.

49. This action seeks to enforce important rights affecting the public interest by insuring that advertisements and marketing of StarCaps accurately reflects the ingredients in StarCaps and not deceive the consuming public. Consequently, Plaintiff should be awarded attorneys' fees and costs for pursuit of this public interest, pursuant to California Code of Civil Procedure §1021.5.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth below:

### THIRD CAUSE OF ACTION

**Unjust Enrichment**
**(Against All Defendants)**

50. Plaintiffs re-allege and incorporate by reference, each and every allegation set forth in paragraphs 1 through 49 above, as though they are set forth in full.

51. By engaging in the conduct described in this Complaint, Defendants have been unjustly enriched by the sale of StarCaps by their violation of the California Sherman Act, the use of false advertising, their negligence and by engaging in fraudulent and deceptive conduct to persuade customers that StarCaps is "an all natural product" when it is in fact not.

52. As a proximate result of Defendants' unlawful, fraudulent, and unfair conduct, Defendants have obtained revenues by which they became unjustly enriched at Plaintiff and members of the proposed class's expense. Under the circumstances alleged herein, it would be unfair and inequitable for Defendants to retain the revenues and profits it has unjustly obtained at the expense of the Plaintiffs and the Class.

53. Accordingly, Plaintiffs seek an order establishing Defendants as constructive trustees of the profits that served to unjustly enrich them, together with interest during the period in which Defendants have retained such funds, requiring Defendants to disgorge those funds to Plaintiffs and members of the proposed Class in a manner to be determined by the Court.

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

5088.001/00074930    15    FIRST AMENDED **COMPLAINT**
CASE NO. C 08-05584-CW

WHEREFORE, Plaintiff pray for relief as hereinafter set forth below.

## FOURTH CAUSE OF ACTION

**BREACH OF EXPRESS AND IMPLIED WARRANTY**
**(Against All Defendants)**

54. Plaintiffs re-allege and incorporate by reference, each and every allegation set forth in paragraphs 1 through 53 above, as though they are set forth in full.

55. Defendants at all times warranted to its customers by label and otherwise that StarCaps were merchantable as "an all natural dietary supplement".

56. By the actions of Defendants as described above, Defendants breached the express and implied warranty of merchantability and the express warranty of fitness for a particular purpose.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth below.

## FIFTH CAUSE OF ACTION

**STRICT PRODUCT LIABILITY**
**(Against All Defendants)**

57. Plaintiffs re-allege and incorporate by reference, each and every allegation set forth in paragraphs 1 through 56 above, as though they are set forth in full.

58. Defendants, and each of them, by their actions as described above, and most particularly, by failing to warn consumers, in view of their professed expertise and superior knowledge and selling an inherently dangerous product should be held strictly liable for their actions. Defendants, and each of them, were in the chain of distribution of the Product, which, because of the containment of Bumetanide, in an inherently dangerous product that should have never been placed in the stream of commerce in a dietary supplement. Defendants and each of them participated in bringing the Product to market and in fact sold thousands of bottles of the Product putting Plaintiffs and the Class at risk.

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

5088.001/00074930    16    FIRST AMENDED **COMPLAINT**
**CASE NO. C 08-05584-CW**

WHEREFORE, Plaintiff pray for relief as hereinafter set forth below.

## SIXTH CAUSE OF ACTION

**VIOLATION OF THE CALIFORNIA SHERMAN ACT**
**(Against All Defendants)**

59. Plaintiffs re-allege and incorporate by reference, each and every allegation set forth in paragraphs 1 through 58 above, as though they are set forth in full.

60. California's Sherman, Food, Drug and Cosmetic Act (The Sherman Act), California Health & Safety Code §§ 108975-111915 protects consumers against mislabeling of products including dietary supplements. By Defendants actions as described above they have violated the Sherman Act.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth below.

## SEVENTH CAUSE OF ACTION

**NEGLIGENCE**
**(Against All Defendants)**

61. Plaintiffs re-allege and incorporate by reference, each and every allegation set forth in paragraphs 1 through 60 above, as though they are set forth in full.

62. Defendants had a duty to the Plaintiffs and the proposed Class to make certain that the Product that they placed in the stream of commerce is properly labeled and safe for consumption. Defendants should have known that the Product was mislabeled and contained a dangerous prescription drug. The Defendants have superior knowledge to the average consumer to be able to determine the safety of the products they offer the unwitting consumer.

63. Defendants, and each of them, despite their superior knowledge, failed to detect the presence of Bumetanide in the Product inducing Plaintiffs and the Class to purchase the Product.

64. It was foreseeable that Plaintiffs and the proposed Class would rely on Defendants

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

5088.001/00074930　　　17　　　FIRST AMENDED **COMPLAINT**
CASE NO. C 08-05584-CW

to provide a product that was "all natural" and safe from dangerous ingredients, especially when the retail outlets were of the reputation, substance and size of GNC and Vitamin Shoppe. GNC and Vitamin Shoppe provided the means to bring the Product to a huge market of consumers who suffered injury because they relied on the reputation of Defendants, particularly GNC and the Vitamin Shoppe. There is little burden on Defendants, great need and very serious consequences to consumers to make certain that the products Defendants offer are free from additional ingredients, safe for consumption and are properly advertised and labeled.

65. Due to Defendants negligence Plaintiffs and the proposed Class have been harmed by purchasing the Product and are entitled to damages as more fully set forth below.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth below.

## **DEMAND FOR JURY TRIAL**

66. Plaintiffs demand a trial by jury on all claims so triable as a matter of right.

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

5088.001/00074930  18  FIRST AMENDED **COMPLAINT**
CASE NO. C 08-05584-CW

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs, on behalf of themselves and as representatives of all other persons similarly situated, prays for judgment against Defendants, as follows:

1. For an order certifying the class to proceed as a class action and appointing Plaintiffs Grady Jackson and Kelley Alexander, and their counsel, to represent the class;

2. For restitution of all monetary amounts paid and obtained by the Defendants from those persons of the general public and members of the Class represented by Plaintiffs, directly or indirectly through all of Defendants' distribution channels, as a result of such persons' purchase of StarCaps contaminated with Bumetanide;

2. For disgorgement to each member of the general public and/or to all members of the Class of all revenues and profits made by Defendants from the sale of StarCaps with Bumetanide to such persons (i.e., not disgorgement to a fluid fund);

3. For rescission of all purchase/sale transactions with each member of the general public and the Class represented by Plaintiff;

4. For a mandatory injunction compelling Defendants to take all reasonable, necessary and appropriate actions to identify, locate and warn all purchasers of StarCaps with Bumetanide the measures one should take to mitigate digestion of the tainted StarCaps;

5. For a mandatory injunction compelling Defendants to notify all members of the general public and the Class of the inherent threat of Bumetanide;

6. For attorneys' fees and costs of suit pursuant to Code of Civil Procedure §1021.5 or from the amount recovered for the common benefit of the class;

7. For statutory costs of suit herein; and

8. For such other and further relief as the Court may deem proper.

DATED: March 2, 2008                    PINNACLE LAW GROUP LLP

                                        By:       /s/ *Eric J. Farber*
                                            Eric J. Farber
                                            Attorneys for Plaintiffs

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

5088.001/00074930                          19                      FIRST AMENDED **COMPLAINT**
                                                                   CASE NO. C 08-05584-CW

**PROOF OF SERVICE**

I am employed in the office of a member of the bar of this Court in the City and County of San Francisco, at whose direction this service was made. I am over the age of 18 and not a party to the within action. My business address is 425 California Street, Suite 1800, San Francisco, California 94104. On March 2, 2009, I served the document described as:

STIPULATION OF PARTIES TO EXTEND TIME FOR DEFENDANTS TO RESPOND TO COMPLAINT.

on the interested parties in this action by placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| David Gernsbacher<br>9107 Wilshire Blvd., Suite 450<br>Beverly Hills, CA 90210<br><br>Attorneys for Balance Health Products, Inc and Nikki Haskell | Roger Myers, Esq.<br>HOLME, ROBERTS & OWEN LLP<br>560 Mission Street, 25th Floor<br>San Francisco, CA 94105<br><br>Attorneys for The Vitamin Shoppe Industries |
| Jay Geller<br>LAW OFFICES OF JAY GELLER<br>2425 West Olympic Blvd., Suite 4000<br>West Tower<br>Santa Monica, CA 90404<br><br>Attorneys for Great Earth Companies, Inc. | Sidney K. Kanazawa<br>MCGUIRE WOODS LLP<br>1800 Century Park East, 8th Floor<br>Los Angeles, CA 90067<br><br>Attorneys for General Nutrition Corporation, and General Nutrition Centers, Inc. |

[X] U.S. MAIL: Service was accomplished by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid in the United States mail at San Francisco, California, addressed as set forth above.

[X] and through the Notice of Electronic Filing for parties and counsel who are registered ECF Users.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. Executed on March 2, 2009, at San Francisco, California.

/s/ Shauna Hardeman
Shauna Hardeman

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

5088.001/00074930     20     FIRST AMENDED **COMPLAINT**
CASE NO. C 08-05584-CW