UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| GRADY JACKSON and KELLEY ALEXANDER, in their representative capacity pursuant to Cal. Bus. & Prof. Code §§ 17203, 17535 and Cal. Code Civ. Proc. §§ 382, 1021.5,<br><br>Plaintiffs,<br><br>v.<br><br>BALANCED HEALTH PRODUCTS, INC., a Delaware Corporation, NIKKI HASKELL, an individual, GENERAL NUTRITION CORPORATION, a Pennsylvania Corporation, and VITAMIN SHOPPE INDUSTRIES, INC., a New York Corporation, inclusive,<br><br>Defendants. | CASE NO. C 08-05584-CW<br><br>**JOINT APPLICATION TO AMEND ORDER SETTING FURTHER SETTLEMENT CONFERENCE TO ALLOW TELEPHONE APPEARANCES; [PROPOSED] ORDER**<br><br>Date:  August 26, 2009<br>Time:  9:30 a.m.<br>Judge:  Hon. Joseph C. Spero<br>Location:  Courtroom A |

Plaintiffs Grady Jackson and Kelley Alexander ("Plaintiffs") and Defendants Nikki Haskell,

Balanced Health Products, Inc. ("BHP"), General Nutrition Corporation ("GNC"), and Vitamin

Shoppe Industries Inc. ("Vitamin Shoppe") (collectively, the "Parties") hereby jointly apply to the

Court for leave to amend the Notice and Order Setting Further Settlement Conference dated July 14,

2009, to allow certain appearances at the August 26 Settlement Conference by telephone and to

continue the deadline for submitting updated Settlement Conference Statements by one week to

August 19.

On April 1 and 2, the Parties participated in a Settlement Conference for which they

submitted Settlement Conference Statements. The Parties have continued to exchange and discuss

1    proposals for resolving the case, but believe a second settlement conference may be required to

2    bridge the gaps.  But in light of the October 30, 2009 deadline to complete non-expert class

3    certification discovery, the sooner a settlement conference can be held the more likely it is to

4    succeed.  The earliest the Parties can reconvene is August 26, but only if certain appearances are by

5    phone.

6          David Gernsbacher, counsel for Defendants Haskell and BHP, expects to be engaged in trial

7    in another case beginning the week of August 10, 2009, through the end of the week of August 21st.

8    Accordingly, the earliest available date for a settlement conference would be during the week of

9    August 24th.  The parties are concerned that delaying the settlement conference beyond the week of

10   August 24th would undermine the likelihood of settlement, in light of the need for the Parties to

11   commence non-expert class certification discovery.

12         Mr. Gernsbacher can appear at a settlement conference on August 26th by telephone, but an

13   unavoidable, out-of-town obligation related to a family illness will prevent him from attending a

14   settlement conference in person that week or on any date before September 10, when Ms. Haskell's

15   motion to dismiss the Second Amended Complaint is scheduled to be heard.  The Parties agree that

16   having Mr. Gernsbacher appear at a settlement conference on August 26th by telephone is more

17   likely to result in settlement than delaying the conference to a later date on which he might be able to

18   attend in person and therefore respectfully apply to the Court for approval for Mr. Gernsbacher to

19   appear telephonically.

20         In addition, Plaintiff Jackson will start training camp with the Detroit Lions in Allen Park,

21   Michigan, on July 1 and will be unable to travel to San Francisco in August.  All of the other parties

22   or their authorized representatives would have to travel to attend the settlement conference –

23   Plaintiff Alexander and Defendants Haskell and BHP from Los Angeles, Defendant GNC from

24   Pennsylvania and Defendant Vitamin Shoppe from New Jersey – and the Parties would prefer to

25   avoid travel costs and instead put those resources toward a potential resolution.  Mr. Gernsbacher is

26   also reluctant to have his clients appear in person without him.  Each of the parties or party

27   representatives would, however, be available to attend the settlement conference on August 26th by

28   telephone.

1        For these reasons, the Parties believe that having these party representatives appear at a

2 settlement conference on August 26th by telephone is more likely to result in settlement than

3 delaying the conference to a later date, and respectfully request that the Court authorize the party

4 representatives as well as Mr. Gernsbacher to appear telephonically.  Otherwise, the further

5 settlement conference currently scheduled for August 26 will have to be continued, but, in light of

6 the pending class certification and motion deadlines, it is not clear whether or when a continued

7 settlement conference could be convened before the further ADR session currently scheduled for

8 next February in the Case Management Order.

9        In the event that the Court declines to grant Mr. Gernsbacher or the party representatives

10 leave to appear at the August 26th settlement conference by telephone, the Parties respectfully

11 request that the August 26th settlement conference be removed from the Court's calendar, as the

12 agreement of Ms. Haskell and BHP to participate in an August 26th settlement conference was

13 expressly conditioned on Mr. Gernsbacher's ability to appear by telephone.

14        Finally, it is possible the Parties will continue to discuss the terms of a potential resolution

15 prior to the next settlement conference and believe it would be helpful to include a description of

16 those discussions in the updated settlement conference statements to be submitted with the Court.  In

17 light of summer vacation schedules and other case schedules, it would be helpful in this regard if the

18 deadline for submitting the updated settlement conference statements could be moved back one

19 week, from August 12 (or two weeks before the next settlement conference) to August 19.  The

20 Parties believe this would not unduly burden the Court since Settlement Conference Statements were

21 submitted prior to the April 1-2 Settlement Conference and the Court is aware of the primary issues

22 in the case and with respect to settlement.

23        Accordingly, it is HEREBY STIPULATED AND AGREED by and between the Parties,

24 through their respective counsel, as follows:

25        1.     In light of the October 30, 2009, deadline to complete non-expert class certification

26 discovery in this case, a settlement conference should be held as soon as possible in order for

27 settlement conference discussions to be meaningful and for the Parties to have a reasonably good

28 chance of settling the case through the conference;

1      2.      Having Mr. Gernsbacher and the party representatives appear at a settlement

2   conference on August 26th by telephone is more likely to result in settlement than delaying the

3   conference to a later date;

4      3.      Because the Parties may not agree to a settlement conference after the week of

5   August 24th, proceeding with the August 26th settlement conference with telephone appearances by

6   Mr. Gernsbacher and the party representatives is in the interest of justice and necessary to avoid the

7   waste of judicial resources; and

8      4.      To provide the Parties additional time to discuss potential terms of a resolution prior

9   to submitting the updated confidential settlement conference statements, it would be helpful to move

10  the deadline for submitting those updates from August 12 to August 19, 2009.

11  PINNACLE LAW GROUP, LLP                    FARBER & COMPANY ATTORNEYS

12  By: _____               By: _____

13      Andrew A. August                          Eric J. Farber
        Attorneys for Plaintiffs                   Attorneys for Plaintiffs
14      GRADY JACKSON and KELLY                    GRADY JACKSON and KELLY
        ALEXANDER                                  ALEXANDER
15

16  LAW OFFICES OF DAVID GERNSBACHER         MCGUIRE WOODS LLP

17  By: _____               By: _____

18      David Gernsbacher                          Sidney K. Kanazawa
        Attorney for Defendants                     Attorneys for Defendants
19      BALANCED HEALTH PRODUCTS, INC.         GENERAL NUTRITION
20      and NIKKI HASKELL                          CORPORATION and GENERAL
                                                   NUTRITION CENTERS, INC.
21

22  HOLME, ROBERTS & OWEN LLP

23  By: _____

24      Roger R. Myers
        Adam Brezine
25      Attorneys for Defendant
        VITAMIN SHOPPE INDUSTRIES INC.
26

27

28

1    2.      Having Mr. Gernsbacher and the party representatives appear at a settlement

2    conference on August 26th by telephone is more likely to result in settlement than delaying the

3    conference to a later date;

4    3.      Because the Parties may not agree to a settlement conference after the week of

5    August 24th, proceeding with the August 26th settlement conference with telephone appearances by

6    Mr. Gernsbacher and the party representatives is in the interest of justice and necessary to avoid the

7    waste of judicial resources; and

8    4.      To provide the Parties additional time to discuss potential terms of a resolution prior

9    to submitting the updated confidential settlement conference statements, it would be helpful to move

10   the deadline for submitting those updates from August 12 to August 19, 2009.

11   PINNACLE LAW GROUP, LLP                    FARBER & COMPANY ATTORNEYS

12   By: _____               By: _____
13          Andrew A. August                          Eric J. Farber
             Attorneys for Plaintiffs                   Attorneys for Plaintiffs
14          GRADY JACKSON and KELLY                   GRADY JACKSON and KELLY
             ALEXANDER                                 ALEXANDER
15

16   LAW OFFICES OF DAVID GERNSBACHER          MCGUIRE WOODS LLP

17
     By: _____               By: _____
18          David Gernsbacher                         Sidney K. Kanazawa
             Attorney for Defendants                   Attorneys for Defendants
19          BALANCED HEALTH PRODUCTS, INC.            GENERAL NUTRITION
20          and NIKKI HASKELL                          CORPORATION and GENERAL
                                                       NUTRITION CENTERS, INC.
21

22   HOLME, ROBERTS & OWEN LLP

23   By: _____
24          Roger R. Myers
             Adam Brezine
25          Attorneys for Defendant
             VITAMIN SHOPPE INDUSTRIES INC.
26

27

28

1    2.    Having Mr. Gernsbacher and the party representatives appear at a settlement

2 conference on August 26th by telephone is more likely to result in settlement than delaying the

3 conference to a later date;

4    3.    Because the Parties may not agree to a settlement conference after the week of

5 August 24th, proceeding with the August 26th settlement conference with telephone appearances by

6 Mr. Gernsbacher and the party representatives is in the interest of justice and necessary to avoid the

7 waste of judicial resources; and

8    4.    To provide the Parties additional time to discuss potential terms of a resolution prior

9 to submitting the updated confidential settlement conference statements, it would be helpful to move

10 the deadline for submitting those updates from August 12 to August 19, 2009.

11 PINNACLE LAW GROUP, LLP              FARBER & COMPANY ATTORNEYS

12 By: _____      By: _____

13    Andrew A. August                     Eric J. Farber
      Attorneys for Plaintiffs             Attorneys for Plaintiffs
14    GRADY JACKSON and KELLY              GRADY JACKSON and KELLY
      ALEXANDER                            ALEXANDER
15

16 LAW OFFICES OF DAVID GERNSBACHER      MCGUIRE WOODS LLP

17 By: _____      By: _____

18    David Gernsbacher                    Sidney K. Kanazawa
      Attorney for Defendants              Attorneys for Defendants
19    BALANCED HEALTH PRODUCTS, INC.       GENERAL NUTRITION
20    and NIKKI HASKELL                    CORPORATION and GENERAL
                                           NUTRITION CENTERS, INC.
21

22 HOLME, ROBERTS & OWEN LLP

23 By: _____

24    Roger R. Myers
      Adam Brezine
25    Attorneys for Defendant
      VITAMIN SHOPPE INDUSTRIES INC.
26

27

28

1    2.    Having Mr. Gernsbacher and the party representatives appear at a settlement

2    conference on August 26th by telephone is more likely to result in settlement than delaying the

3    conference to a later date;

4    3.    Because the Parties may not agree to a settlement conference after the week of

5    August 24th, proceeding with the August 26th settlement conference with telephone appearances by

6    Mr. Gernsbacher and the party representatives is in the interest of justice and necessary to avoid the

7    waste of judicial resources; and

8    4.    To provide the Parties additional time to discuss potential terms of a resolution prior

9    to submitting the updated confidential settlement conference statements, it would be helpful to move

10   the deadline for submitting those updates from August 12 to August 19, 2009.

11   PINNACLE LAW GROUP, LLP                      FARBER & COMPANY ATTORNEYS

12   By: _____                 By: _____

13        Andrew A. August                            Eric J. Farber
          Attorneys for Plaintiffs                     Attorneys for Plaintiffs
14        GRADY JACKSON and KELLY                      GRADY JACKSON and KELLY
15        ALEXANDER                                    ALEXANDER

16   LAW OFFICES OF DAVID GERNSBACHER             MCGUIRE WOODS LLP

17   By: _____                 By: _____

18        David Gernsbacher                           Sidney K. Kanazawa
19        Attorney for Defendants                      Attorneys for Defendants
          BALANCED HEALTH PRODUCTS, INC.              GENERAL NUTRITION
20        and NIKKI HASKELL                           CORPORATION and GENERAL
                                                      NUTRITION CENTERS, INC.
21

22   HOLME, ROBERTS & OWEN LLP

23   By: _____
          Roger R. Myers
24        Adam Brezine
25        Katherine Keating
          Attorneys for Defendant
26        VITAMIN SHOPPE INDUSTRIES INC.

27

28

1    Having reviewed the Parties' joint application and stipulation and good cause shown, the

2  Court hereby GRANTS the Parties' request to amend the Notice and Order Setting Further

3  Settlement Conference to authorize the party representatives and David Gernsbacher, counsel for

4  Defendants Balanced Health Products, Inc and Nikki Haskell, to appear at the August 26th

5  settlement conference by telephone.

6

7

8  Dated:    7/31/09

9                                                      _____
                                                    The Honorable
10                                                   United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

Joint Application To Amend Settlement Conference Order to Allow Telephone Appearances    Case No. C 08-05584 CW
#43613 v1 saf                                              5