MCGUIREWOODS LLP
SIDNEY K. KANAZAWA (SBN 84608)
LESLIE M. WERLIN (SBN 67994)
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone: (310) 315-8200
Facsimile: (310) 315-8210
skanazawa@mcguirewoods.com
lwerlin@mcguirewoods.com

Attorneys for Defendants
General Nutrition Centers, Inc.
and General Nutrition Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| GRADY JACKSON and KELLEY ALEXANDER, in their representative capacity pursuant to Cal. Bus. & Prof. Code §§ 17203, 17535 and Cal. Code Civ. Proc. §§ 382, 1021.5, <br><br> Plaintiffs, <br><br> v. <br><br> BALANCED HEALTH PRODUCTS, INC., a Delaware Corporation, NIKKI HASKELL, an individual, GENERAL NUTRITION CORPORATION, a Pennsylvania Corporation, and VITAMIN SHOPPE INDUSTRIES, INC., a New York Corporation, inclusive, <br><br> Defendants. | CASE NO. C 08-05584-CW <br><br><br> **JOINT STIPULATION FOR DISMISSAL; [PROPOSED] ORDER** |

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Plaintiffs Grady Jackson and Kelley Alexander in their individual capacities and as putative class representatives (collectively "Plaintiffs"), and Defendants, Nikki Haskell ("Haskell"), Balanced Health Products, Inc. ("BHP"), General Nutrition Corporation and General Nutrition Centers Inc. ("GNC"), and Vitamin Shoppe Industries, Inc. ("VS") (collectively "Defendants") hereby stipulate as follows:

WHEREAS, Plaintiffs brought this action against Defendants in the Superior Court of State of California, County of Alameda, and Defendants removed the action to the United States District Court for the Northern District of California (the "Action");

WHEREAS, the Action involved individual and class allegations related to the purchase and sale of Starcaps, (the "Product");

WHEREAS, the Parties engaged in an exchange of information regarding the distribution and sale of the Product;

WHEREAS, Defendants filed a Rule 12(b) motion to dismiss which was denied in part and granted in part by the Court;

WHEREAS, a class certification motion has not been filed;

WHEREAS, the Parties disagree as to whether a class can be certified in this Action;

WHEREAS, the Parties also disagree on whether liability can be established against each of the Defendants;

WHEREAS, the Parties also disagree on the injury, if any, suffered by anyone who purchased or used the Product;

WHEREAS, the Parties also disagree on the entitlement of any claimant to any remedies in the Action;

WHEREAS, the Parties have engaged in multiple settlement discussions by telephone, e-mail, and in person in which the facts and issues were explored and discussed;

WHEREAS, Defendants have engaged in direct settlement discussions under the mediated guidance of Magistrate Judge Joseph C. Spero on April 1-2, 2009 and August 26, 2009;

WHEREAS, the principle terms of settlement were agreed upon on August 26, 2009 before and with the assistance of Magistrate Judge Joseph C. Spero;

WHEREAS, the Parties have memorialized the terms of the settlement achieved before

Magistrate Judge Joseph C. Spero and entered into a settlement agreement (the "Settlement Agreement");

NOW, THEREFORE the Parties stipulate and agree as follows:

1. The parties, by their respective counsel, hereby stipulate to the dismissal, with prejudice, of all claims asserted by Plaintiff Kelley Alexander in her individual capacity and as a putative class representative, against Defendants.

2. The parties, by their respective counsel, hereby stipulate to the dismissal, without prejudice, of all claims asserted by Plaintiff Grady Jackson in his individual capacity and as a putative class representative, against Defendants.

3. GNC and VS agree to issue twenty-five dollar ($25.00) discount coupons (the "Discount Coupons") which may be used in conjunction with a purchase of one hundred dollar ($100.00) or more from the issuing company's store or internet site.

   a. The Discount Coupons will be issued to Affinity Cardholders of GNC and VS who purchased the Product during the period from December 1, 2007 and November 30, 2008 ("Covered Purchase Period") and to direct internet customers of BHP who purchased the Product during the Covered Purchase Period. "Affinity Cardholders" shall mean members of the loyalty program of the particular company. The individuals to whom Discount Coupons are issued are referred to herein as "Discount Coupon Holders."

   b. Only those GNC and VS Affinity Cardholders who have valid current U.S. mail or e-mail addresses (registered with their affinity card company) and who purchased the Product during the Covered Purchase Period will receive a Discount Coupon.

   c. Only BHP customers who purchased through BHP's direct internet sites and have a valid U.S. mail or e-mail address (registered with BHP) and who purchased the Product during the Covered Purchase Period (according to BHP's records) will receive a Discount Coupon.

   d. GNC and VS may restrict the use of the Discount Coupons so that they may not be used in conjunction with any other coupon, promotion, sale, or discount.

   e. The Discount Coupons shall be valid only for 90 days from the date of their issue to each Discount Coupon Holder.

4. GNC will issue one (1) Discount Coupon to GNC Affinity Cardholders for every bottle of Product purchased by the GNC Affinity Cardholder (according to the records of GNC) during the Covered Purchase Period, up to a maximum of four (4) coupons per Affinity Cardholder.

5. VS will issue one (1) Discount Coupon to VS Affinity Cardholders for every bottle of Product purchased by the VS Affinity Cardholder (according to the records of VS) during the Covered Purchase Period, up to a maximum of four (4) coupons per Affinity Cardholder.

6. Persons who purchased directly from BHP's internet sites and who have valid current U.S. mail or e-mail addresses registered with BHP will receive one Discount Coupon (issued by either GNC or VS) for every bottle of Product purchased in an internet sale directly from the BHP website during the Covered Purchase Period up to a maximum of four (4) coupons per purchaser.

    a. GNC and VS will each issue one half (50%) of the total number of Discount Coupons to be issued to BHP Product purchasers.

    b. Each direct internet BHP Product purchaser will receive Discount Coupons from either GNC or VS, but not from both.

    c. GNC and VS will work with BHP to divide BHP's direct internet Product purchaser list in a way that effectively causes GNC and VS to each issue 50% of the total Discount Coupons issued to BHP's direct internet Product purchasers.

7. A notice sent with the Discount Coupon will expressly provide that the use of any Discount Coupon will release all of the Defendants from any and all liability to the person to whom the Discount Coupon was issued, arising out of the facts and circumstances described in the Action.

8. Individual Incentive Award. Plaintiff Kelley Alexander will receive $2,500 as an individual incentive award for her services as a putative class representative.

9. Charitable Contribution. GNC and VS will each make a charitable contribution of $5,000 to the University of California at Los Angeles Center for Human Nutrition.

3

STIPULATION OF DISMISSAL            Case No. C08-05584-CW

1    10.    Attorneys Fees/Costs – GNC and VS.  Defendants GNC and VS will each pay sixty-two thousand five hundred ($62,500) to Plaintiffs' counsel for attorneys fees and costs in the following manner:

      a.    Upon dismissal of this Action, VS will pay $62,500 to Plaintiffs' counsel.

      b.    Upon dismissal of this Action, GNC will pay $62,500 to Plaintiffs' counsel.

11.    Attorneys Fees/Costs – Haskell and BHP.  Defendants Haskell and BHP will pay Plaintiffs' counsel for attorneys fees and costs in the following manner:

      a.    Upon execution of this Agreement, Haskell and BHP will pay $25,000 to Plaintiffs attorneys to be held in their attorney client trust account.  If and when Judge Wilken approves and enters the dismissal such funds may be distributed to Plaintiffs Attorneys.  If Judge Wilken denies the dismissal, Plaintiffs attorneys shall return the moneys held in the trust account within five business days.

      b.    On or before December 1, 2009, Haskell and BHP will pay an additional $25,000 directly to Plaintiffs' counsel if this Action has been dismissed or into the same escrow account at the direction of Plaintiffs' counsel which shall be distributed to Plaintiffs' counsel upon the dismissal of this Action.

      c.    Defendants Haskell and BHP each individually and jointly agree to secure their payment of attorneys' fees by a stipulated judgment in favor of Plaintiffs' attorneys.

12.    Release – Named Putative Class Representative Plaintiffs.  Except for the rights and obligations contained in or arising out of the Settlement Agreement entered into between the parties, the named putative class representative Plaintiff Kelley Alexander releases Defendants and their respective attorneys, insurers, parent companies, affiliates, subsidiaries, related companies, directors, officers, shareholders, owners, employees, agents, representatives, successors and assigns, from any and all claims, whether known or unknown, suspected or not, arising out of the facts described in the Action.

13.    Release – Discount Coupon Holders.  Except for the rights and obligations contained in or arising out of the Settlement Agreement entered into between the parties, Discount Coupon Holders who use or allow another to use the Discount Coupons will, by such use of the Discount Coupons, release Defendants, their respective attorneys, insurers, parent companies,

affiliates, subsidiaries, related companies, directors, officers, shareholders, owners, employees, agents, representatives, successors and assigns, from any and all claims, whether known or unknown, suspected or not, arising out of the facts described in the Action.

14. This stipulation is electronically signed on behalf of all parties who have appeared in this action. Except as provided in the Settlement Agreement and this Joint Stipulation for Dismissal, each party shall bear its own costs, attorney's fees and expenses.

**SO STIPULATED:**

| PINNACLE LAW GROUP, LLP | FARBER & COMPANY ATTORNEYS |
|---|---|
| By: /s/ Andrew A. August<br>    Andrew A. August<br>    Attorneys for Plaintiffs<br>    GRADY JACKSON and KELLY<br>    ALEXANDER | By: /s/ Eric J. Farber<br>    Eric J. Farber<br>    Attorneys for Plaintiffs<br>    GRADY JACKSON and KELLY<br>    ALEXANDER |
| LAW OFFICES OF DAVID GERNSBACHER | MCGUIRE WOODS LLP |
| By: /s/ David Gernsbacher<br>    David Gernsbacher<br>    Attorney for Defendants<br>    BALANCED HEALTH PRODUCTS,<br>    INC. and NIKKI HASKELL | By: /s/ Sidney K. Kanazawa<br>    Sidney K. Kanazawa<br>    Attorneys for Defendants<br>    GENERAL NUTRITION<br>    CORPORATION and GENERAL<br>    NUTRITION CENTERS, INC. |

HOLME, ROBERTS & OWEN LLP

By: /s/ Roger R. Myers
    Roger R. Myers
    Adam Brezine
    Attorneys for Defendant
    VITAMIN SHOPPE INDUSTRIES INC.

**IT IS SO ORDERED.**

DATED: 10/27/09

_____
Hon. Claudia Wilken
UNITED STATES DISTRICT JUDGE

**ATTESTATION OF CONCURRENCE IN FILING**

Pursuant to N.D. Cal. General Order 45 section 45X(B), Sidney K. Kanazawa hereby attests that concurrence in the filing of this stipulation and proposed order has been obtained from counsel for the non-filing parties.

                                                          /S/ Sidney K. Kanazawa
                                                          Sidney K. Kanazawa
                                                          Attorneys for Defendants General Nutrition
                                                          Centers and General Nutrition Corporation

## CERTIFICATE OF SERVICE

I, Sidney K. Kanazawa, certify that on October 23, 2009, the foregoing **JOINT STIUPLATION FOR DISMISSAL; [PROPOSED] ORDER** was filed electronically in the Court's ECF; thereby upon completion the ECF system automatically generated a "Notice of Electronic Filing" ("NEF") as service through CM/ECF to registered e-mail addresses of parties of record in the case, in particular on the following:

| | |
|---|---|
| Andrew A. August<br>aaugust@pinnaclelawgroup.com | Attorneys for Plaintiffs<br>Grady Jackson and Kelly Alexander |
| Eric J. Farber<br>Eric.Farber@farberandco.com | Attorneys for Plaintiffs<br>Grady Jackson and Kelly Alexander |
| David L. Gernsbacher<br>dgernsbacher@dlglaw.com | Attorneys for Defendants<br>Balanced Health Products, Inc.<br>and Nikki Haskell |
| Roger R. Myers<br>Roger.Myers@hro.com | Attorneys for Defendant<br>Vitamin Shoppe Industries, Inc. |

/s/ Sidney K. Kanazawa
Sidney K. Kanazawa